## Statom v. Commonwealth.

(Decided January 22, 1924.)

### Appeal from Casey Circuit Court.

1. Criminal Law—Witness Held Not Accomplice.—Testimony in prosecution for having a moonshine still in possession that "me and Charlie (accused) and the whole bunch out there have been stilling for the last two years," did not show that witness was an accomplice of accused so as to require corroboration, under Criminal Code of Practice, section 242.

2. Intoxicating Liquors—Accomplice May Make Affidavit in Support of Search Warrant.—Under Criminal Code of Practice, sections 241, 242, a search warrant for a moonshine still may be issued upon the affidavit of an accomplice.

CHAS. H. FAIR and C. C. BAGBY for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant, Statom, was convicted in the Casey circuit court of the offense of having in possession a moonshine still, and his punishment fixed at a fine of $250.00, and confinement in the county jail for sixty (60) days. He prosecutes this appeal to reverse the judgment, relying upon what he denominates "the only error that he desires to urge," which he states as follows:

Under section 242 of the Criminal Code a search warrant based upon the affidavit of an accomplice is insufficient and illegal and that the court should have given a peremptory instruction to acquit the appellant; or fail-

ing in this the court should at least have instructed the jury under section 242 of the Criminal Code to acquit the defendant unless the evidence of Preston Taylor (the alleged accomplice) was corroborated in the manner prescribed by said statutes.

Preston Taylor was the witness who made the affidavit for the search warrant. It reads:

> "The affiant, Preston Taylor, says that in the dwelling house of Chas. Statom, in Casey county, Kentucky, about one mile north of Liberty, is a copper moonshine still; that Chas. Statom or Virgil Statom is the owner of same; that he has seen same several times; that he has seen same in operation in said house, and that same was being operated by Virgil Statom; that he has seen same in operation not more than three months back; that the still is kept in the kitchen under a large box, and the worm behind a press in the front room; that there is a barrel or was a few days ago a barrel of mash in the front room."

We are unable to agree with appellant's contention that the witness Taylor was an accomplice of appellant. The affidavit does not show it. Nor does the evidence of the witness Taylor. In testifying that appellant had a still in his house, the witness Taylor was asked: "Q. When did you see this still before the search was made? A. Tell the truth about it, me and Charlie and the whole bunch out there have been stilling for the last two years. Q. Had you been before the grand jury during that time? A. No, sir."

It is insisted by appellant that the answer of the witness Taylor saying he had been stilling in his home neighborhood for two years and that appellant had also been stilling and that others had engaged in like business in that neighborhood for the last two years, indicated they all had been operating the same still or had been jointly engaged in the business. We do not think the answer, which we have copied above, capable of that construction. There is not a hint in the evidence that witness Taylor aided or abetted appellant in the manufacture of whiskey or in having or possessing a still. In the absence of such testimony we are not authorized to assume that the witness was an accomplice of appellant. If Taylor were an accomplice of appellant it is not shown in the evidence.

Even if Taylor was an accomplice of appellant that fact would not invalidate the affidavit made by Taylor before the magistrate to obtain a search warrant. There is no prohibition in sections 241 and 242 against the issual of a warrant or a search warrant upon the affidavit of an accomplice. The prohibition is against the conviction of a defendant upon the uncorroborated evidence of an accomplice. Inasmuch as the evidence fails to show that Taylor was an accomplice of appellant his testimony was entirely competent against appellant and was sufficient to support the conviction.

For the reasons indicated the judgment must be and is affirmed.

Judgment affirmed.