[Crim. No. 2742.   Third Dist.   May 28, 1957.]

THE PEOPLE, Respondent, v. HENRY C. DUPEE, Appellant.

George I. Lewis for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Henry C. Dupee was charged by information with a violation of section 11500 of the Health and Safety Code of California, it being alleged that said defendant, on May 23, 1956, "did then and there willfully and unlawfully and feloniously have in his possession flowering tops and leaves of Indian Hemp (Cannabis Sativa)." Said information also charged defendant with two prior convictions for violating section 11500 of the Health and Safety Code. Defendant admitted the prior convictions but pleaded not

guilty to the offense charged. Defendant waived trial by jury, and following the trial was found guilty by the court. His motion for a new trial was denied and judgment was pronounced. Defendant has appealed from the judgment and from the order denying his motion for a new trial.

It appears from the record that on May 23, 1956, between 9:30 and 10 a. m., three state narcotic inspectors, following instructions, went to appellant's room. After receiving no response from their knock at the door, Inspector Murphy used a key given him by Inspector House and opened the door and entered the room.

Appellant and one Mary Nixon were in bed, and Murphy walked over to them and placed them under arrest for a violation of section 11500 of the Health and Safety Code. At about the time that the arrest was made, Inspector Murphy noticed a brown paper sack on the dresser. He examined the contents of this sack and determined that it contained marijuana. A chemical analysis of the contents of the sack revealed that it contained approximately 123 grains of marijuana.

Inspector Murphy testified that he showed appellant the sack and appellant stated, "It all belonged to me, and she doesn't know anything about it," and further stated, "It is mine. I obtained it last night from some old fellow at Sixth and Capitol, and I never peddled any of it. I just use it myself, and I never sold it." Appellant also admitted that he knew the sack contained marijuana, saying "Yes, it is marijuana."

Appellant testified in his own behalf and denied any knowledge of the marijuana, although admitting that it had been found on his dresser. Appellant also denied saying that the marijuana was his and testified that he had denied any knowledge of it when it was shown to him.

After appellant objected to the introduction of the narcotics into evidence, the district attorney introduced the following evidence to show reasonable cause for the arrest and search of appellant.

On May 22, 1956, Joseph House, a narcotic inspector, received information from two reliable informants that appellant was dealing in marijuana in front of 1321 Sixth Street, and that he was living in a Room 10 at that address. House was informed that appellant had marijuana in the room when he was there and took the marijuana with him when he left.

House was also informed that appellant went to his room late at night and left early in the morning.

At about 10 p. m. on May 22, 1956, House obtained a key to appellant's room from the manager of the building and also received information that appellant was not at that time in his room.

The next morning at about 9 :30, House instructed Narcotic Inspectors Best, Murphy and McHugh to go to 1321 Sixth Street and arrest appellant.

Appellant does not attack the sufficiency of the evidence but contends that the judgment should be reversed because evidence that was obtained by an illegal search and seizure was erroneously admitted. Respondent in reply contends that there was no illegal search and seizure because there existed reasonable cause for the arrest, and therefore the evidence was properly admitted.

Penal Code, section 836, subdivision 2, provides that a peace officer may make an arrest without a warrant when the person arrested has committed a felony although not in the officer's presence, but in the case of *People* v. *Brown,* 45 Cal.2d 640 [290 P.2d 528], it was stated that an arrest will not be held to have been validly made even though the arrested person was guilty of having committed a felony unless the arresting officer had reasonable grounds as a basis for making the arrest.

In *Willson* v. *Superior Court,* 46 Cal.2d 291, the court said, at page 294 [294 P.2d 36] :

". . . Although information provided by an anonymous informer is relevant on the issue of reasonable cause, in the absence of some pressing emergency [citation], an arrest may not be based solely on such information. [Citations], and evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] In some cases the identity of, or past experience with, the informer may provide such evidence [citation], . . ."

Also, in the case of *Trowbridge* v. *Superior Court,* 144 Cal. App.2d 13 [300 P.2d 222], the court came to the conclusion that an officer is justified in acting solely upon information from an informant where that informant is known to the arresting officer and is believed by the officer to be trustworthy and reliable. *People* v. *Gonzales,* 141 Cal.App.2d 604 [297 P.2d 50], is to the same effect.

When the arresting officer does have reasonable grounds to believe that the person arrested has committed a

felony, the arrest is valid and a search which is properly conducted as an incident to that arrest is not unreasonable. (*People* v. *Dixon,* 46 Cal.2d 456 [296 P.2d 557] ; *People* v. *Boyles,* 45 Cal.2d 652 [290 P.2d 535] ; *People* v. *Martin,* 45 Cal.2d 755 [290 P.2d 855].) See also *People* v. *Vice,* 147 Cal.App.2d 269 [305 P.2d 270] ; *People* v. *Garnett,* 148 Cal. App.2d 280 [306 P.2d 571].

We believe that under the authority of the above decisions the arrest of the appellant on information received by the officer from the two reliable informants that appellant was selling marijuana was reasonable. The officers were informed that appellant was living in a particular room at a particular address and at that time had marijuana in his possession. They were also informed that appellant went to his room late at night and left early in the morning, taking the marijuana with him. The officers knew appellant and had arrested him previously for narcotics violations.

There was testimony that the informants were reliable and the officers had had previous dealings with them. That the informants were reliable is borne out by the fact that appellant was living in the room specified, that he went to his room at about 2 a. m. on the morning of the arrest and did have marijuana in his possession.

Since the officers were in possession of the aforesaid information, there can be no doubt that they had reasonable cause to arrest appellant, and therefore the search made was lawful and the evidence seized during the search was properly admitted into evidence. (*People* v. *Garnett, supra*; *People* v. *Vice, supra*.)

Appellant contends also that since the officers did not attempt to secure a search warrant although they had the opportunity to do so during the interim between the previous night when they obtained a key to appellant's room and the morning of the arrest, there was an illegal search and seizure.

However, as stated in the case of *People* v. *Sayles,* 140 Cal. App.2d 657, at page 660 [295 P.2d 579] :

''The claim that failure to procure a search warrant, given reasonable time so to do, precluded a search as an incident to the arrest, was rejected by the Supreme Court in *People* v. *Winston,* 46 Cal.2d 151, 162-163 [293 P.2d 40]. The court there said: 'Defendant unavailingly argues that here the police officers had ample time to procure a search warrant and therefore such warrant was required in order to validate the search and seizure of the incriminating evidence at the time

of his arrest. (*Trupiano* v. *United States*, 334 U.S. 699, 708 [68 S.Ct. 1229, 92 L.Ed. 1663].) In *United States* v. *Rabinowitz*, 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653], it was held that a search of the defendant's premises incident to his lawful arrest at those premises was not unreasonable.' In the cited case of *United States* v. *Rabinowitz*, 339 U.S. 56, 65-66 [70 S.Ct. 430, 94 L.Ed. 653], it was observed: 'It is appropriate to note that the Constitution does not say that the right of the people to be secure in their persons should not be violated without a search warrant if it is practicable for the officers to procure one. The mandate of the Fourth Amendment is that the people shall be secure against unreasonable searches. It is not disputed that there may be reasonable searches, incident to an arrest, without a search warrant. Upon acceptance of this established rule that some authority to search follows from lawfully taking the person into custody, it becomes apparent that such searches turn upon the reasonableness under all the circumstances and not upon the practicability of procuring a search warrant, for the warrant is not required. To the extent that *Trupiano* v. *United States*, 334 U.S. 699 [68 S.Ct. 1229, 92 L.Ed. 1663], requires a search warrant solely upon the basis of the practicability of procuring it rather than upon the reasonableness of the search after a lawful arrest, that case is overruled. The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case.' "

We do not believe that appellant's contention that there was an illegal search and seizure can be sustained in view of the facts and circumstances of the instant case as hereinbefore set forth. The implied findings of the trial judge that there was a legal arrest and that the search was incident thereto is fully supported by the record.

The judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.