[Crim. No. 3335.   First Dist., Div. Two.   June 10, 1957.]

THE PEOPLE, Respondent, v. ROBERT A. SHELTON, Appellant.

Benjamin M. Davis and Don Wilson for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and William M. Bennett, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by the court sitting without a jury of violating section 337a, subdivision 2, Penal Code, occupying a building with books, papers and

other paraphernalia for recording bets on horse races. He was sentenced to the county jail for one year, execution was suspended, and he was placed on three years probation on certain conditions.

Police officers went to the home occupied by appellant and his wife armed with a search warrant. They rang the bell, waited for one-half minute and then forced an entrance with a sledgehammer. The door was secured by a lock and had a timber braced against it on the inside.

The officers found the appellant burning papers in the kitchen. They extinguished the flames and the charred papers were later treated to bring out the writing. An officer testified that the writing on the charred papers showed them to be records of bets on horse races. Other papers commonly found in betting establishments were discovered elsewhere in the house and on appellant's person.

The officers before breaking down the door did not comply with that portion of section 844, Penal Code, which reads: "after having demanded admittance and explained the purpose for which admittance is desired."

█ The cases hold that where compliance with this provision would probably frustrate the arrest or permit the destruction of incriminating evidence compliance is not required. (*People* v. *Maddox*, 46 Cal.2d 301 [294 P.2d 6]; *People* v. *King*, 140 Cal.App.2d 1 [294 P.2d 972]; *People* v. *Sayles*, 140 Cal.App.2d 657 [295 P.2d 579].) In view of the ease with which guilty persons may destroy records of bets (as appellant in fact was doing when the officers forced an entry into his home) we cannot say that the officers' conduct in this case was not justified under the authorities cited.

Appellant at first denied any criminal activity and said that he was not the occupant. The officers suggested that if he had no right to be on the premises they might have to arrest him for burglary. Later appellant's wife arrived and the officers told her that if her husband did not confess they might arrest her. She then talked to appellant and he made a confession which the court admitted in evidence. We agree with appellant that the confession was not voluntary.

█ Coercion of a confession by threat to arrest a near relative unless the accused admits his guilt renders the confession involuntary. (*People* v. *Mellus*, 134 Cal.App. 219 [25 P.2d 237].)

However in the circumstances of this case we do not be-

lieve that the admission of the confession was prejudicial. The case was tried without a jury and the circumstantial evidence of appellant's guilt was very strong. When the police forced an entrance they found appellant busily burning papers which the evidence showed were records of bets. His conduct in destroying records of bets immediately after he heard his doorbell ringing seems to be subject to no reasonable conclusion compatible with innocence.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.