162 Cal.App.2d 96 (1958)
THE PEOPLE, Respondent,
v.
JOSEPH MARION MILLER, Appellant.
Crim. No. 3383. 
California Court of Appeals. First Dist., Div. Two. 
July 14, 1958.
 E. R. Williams for Appellant.
 Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Marvin Christensen and Victor Griffith, Deputy Attorneys General, for Respondent.
 DOOLING, J.
 Appellant was convicted by a jury of three narcotics offenses, possession of marijuana, transportation of marijuana, and furnishing marijuana to a minor. The several offenses were alleged to have occurred on or about October 30, 1956.
 The minor, a girl of 15, was cooperating with the police. On October 30, 1956, she was in an automobile with appellant and one Spencer, who was made a codefendant in this case. They drove her to a doctor's office where she met the officers. She testified that appellant while in the automobile smoked a marijuana cigarette and threw the butt to the ground. Later an officer found the butt of a marijuana cigarette where the car had been parked. This is the basis of the conviction of transportation.
 That same evening appellant, Spencer and the minor were in appellant's apartment. The minor testified that while there she smoked a part of a marijuana cigarette. In answer to the question who lit this cigarette the minor testified:
 "I am pretty sure it was Joe [the appellant] but I'm not positive," and she further testified that it was handed around from one to the other without any special order. This was the only evidence to support the verdict of furnishing marijuana to a minor.
 Later the officers arrived with a warrant. When they arrived at the apartment no marijuana was being smoked. They *98 found in the apartment a can containing "traces" of marijuana and some cigarette butts, described by the chemist as "pieces of cigarette paper in there that were burned on one end, which resembled roaches." A roach is the butt of a smoked cigarette. These showed traces of marijuana. Some seeds of marijuana were found in the dirt in a vacuum cleaner and in an ash tray. This is the basis of the possession conviction.
 The evidence was legally sufficient to support all three convictions. [1] One who carries a narcotic on his person in a moving automobile may be found guilty of transportation. (People v. Holliday, 120 Cal.App.2d 562, 564 [261 P.2d 301]; People v. Coleman, 100 Cal.App.2d 797, 801 [224 P.2d 837].) [2] The uncorroborated testimony of the minor, though weak, is sufficient to support the verdict of "furnishing," since the minor is not an accomplice. (People v. De Paula, 43 Cal.2d 643, 647 [276 P.2d 600].) [3] The traces of marijuana found in appellant's apartment with the other evidence will support the finding of possession. [4] Nor is there any force in appellant's claim that the search of his apartment was illegal. The officers were armed with a warrant and even though they may not have technically complied with the law in its execution, where compliance with Penal Code, section 844, would probably permit the destruction of incriminating evidence, compliance is not required. (People v. Maddox, 46 Cal.2d 301, 306 [294 P.2d 6]; People v. Shelton, 151 Cal.App.2d 587, 588 [311 P.2d 859].)
 [5] On November 19, 1956, almost three weeks after appellant's arrest, a 10-year-old boy found 15 cans of marijuana and a paper bag containing marijuana under the shrubbery in the backyard of an apartment on the next street behind the apartment occupied by appellant. The two yards were separated by a 5 or 6-foot high, solid board fence with no gate or other opening. Appellant had lost a leg in an accident and testified that he doubted if he could climb this fence because of his disability. When this large quantity of marijuana was first mentioned objection was made to any evidence concerning it and the court stated: "If it isn't connected up, we will strike it out." No evidence was produced to connect appellant with this marijuana although it was the subject of extensive testimony. When the 15 cans of marijuana and that found in the paper bag were finally offered proper objection was again made. The court admitted them over this objection. Appellant's counsel then made a motion to strike *99 on the ground that this evidence had not been connected up and no knowledge of appellant of this marijuana had been shown. The court denied the motion saying: "I think the jury has a right to consider it being it was found close to where these other things were found. I think the jury has a right to consider it."
 The court clearly committed error in the admission of this marijuana. It was not only separated from appellant by space but by time as well. He was arrested on October 30 and this marijuana was not found until November 19. Nothing was produced in evidence to connect appellant with it in any way. It might much more readily and reasonably have been placed where it was found by somebody who had easy access to the backyard in which it was discovered than by appellant, who would have to climb a high board fence handicapped by the loss of a leg to place it there. Something more than mere suspicion must be shown and appellant's connection with this marijuana does not rise above the level of pure guess and conjecture. The People rely on People v. Mandell, 90 Cal.App.2d 93 [202 P.2d 348]. In that case a can containing narcotics was found in the defendant's own yard the morning after her arrest. These narcotics were in bindles containing distinctive and unusual markings, and bindles and markings were exactly similar to those of other narcotics found in the defendant's possession. The circumstantial evidence was in that case clearly sufficient to support a finding that the narcotics belonged to the defendant. In our case no evidence, direct or circumstantial, was introduced connecting appellant with the marijuana introduced in evidence against him.
 The prejudice to appellant from the introduction of this very large cache of marijuana is clear, and this was aggravated by the court's reiterated statement that the jury "has a right to consider it." Appellant denied his guilt of all charges. As to the transportation and furnishing counts the only direct evidence came from the minor. A witness testified that the minor had told her about a week after appellant was arrested:
 "I'm afraid; the Police have told me that if I don't cooperate and testify against Joe [appellant], they will put me into a Girls' School, or they will prosecute me" and that "she didn't have much choice." This was corroborated in substance by another witness, and the minor herself testified on cross-examination that she had been afraid of being sent to a girls' school. There was also impeaching testimony that the *100 minor's reputation for truth was not good. Appellant's explanation of the traces of marijuana found in his apartment was that a roommate had used marijuana over his repeated protests. In weighing the conflicting testimony 15 cans and a paper bag of marijuana (a tremendous amount for any one but a dealer to have at one time) might have weighed very heavily in the scales against appellant.
 [6] Appellant testified on direct that he had protested to his roommate about his using marijuana for the reason that he did not want trouble with the police because of a previous felony conviction (automobile theft). For the guidance of the court in the event of a new trial we are satisfied that this testimony did not open the door to cross-examination of appellant concerning previous misdemeanors or criminal charges which did not result in felony convictions.
 Judgment reversed.
 Kaufman, P. J., and Draper, J., concurred.