Gene Floyd CRISWELL, Appellant,

v.

Howard M. COMSTOCK, Superintendent, Sierra Conservation Center, Jamestown, Raymond K. Procunier, Director of the Department of Corrections, Appellees.

Gene Floyd CRISWELL, Appellant,

v.

Peter J. PITCHESS, etc., et al., Appellees.

Nos. 21833, 21805.

United States Court of Appeals
Ninth Circuit.

June 4, 1968.

Gene F. Criswell (argued), in pro. per., and Joseph H. Lewis, Hollywool, Cal., for appellant.

Jack K. Weber (argued), Stanton Price, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This appeal in No. 21,833 is an appeal from a district court denial of a writ of habeas corpus. Appellant is a state prisoner presently on parole. He was convicted in the state courts of possession of heroin and marijuana (Calif.Health & Safety Code, §§ 11500 and 11530).

The United States District Court declined to issue a certificate of probable cause, but such a certificate was granted by this court.

Appellant urges the searches and seizures by the police which unearthed the evidence offered and introduced against appellant were unlawful. No search warrant had been obtained. The appellees urge that the search (or searches) were incidental to lawful arrests, and were not unreasonable.

We must therefore determine whether there was probable cause for the arrests, and the accompanying search or searches. At this point, we note that the question of whether or not there was probable cause for the arrest of appellant outside his automobile in his yard was passed upon adversely to appellant by the California Court of Appeal (People v. Criswell, 192 Cal.App.2d 470, 13 Cal.Rptr. 294). We have before us, as an exhibit, the Reporter's Transcript of testimony given at the state trial. One of the problems in this case is created by the fact that there were, after arrest, five searches: (1) of appellant's person at the scene of arrest; (2) of appellant's house immediately thereafter; (3) of a codefendant's auto at the place of arrest; (4) of the appellant's person at the police station; (5) of the codefendant's auto at the police station. It is urged by appellant and conceded by appellees (R.T. 23) that the opinion of the California Court of Appeal does not accurately state the facts of what was found where, and when, by reason of these various searches.

Our study of the transcript indicates (a) that the last sentence of the first incomplete paragraph on page 473 of the California State court's opinion, 13 Cal.Rptr. on page 296, as officially reported, should have followed the word "narcotic" in line 5 of said paragraph; (b) the sentence "Officer Olsen looked into the glove compartment of the car and found a bag with a rubber prophylactic in it containing heroin and a vial of heroin tablets" is, from an examination of the record before us, not correct. No heroin was found in the glove compartment, and the white powder and white tablets found in the glove compartment which were not narcotics were found after the arrest; (c) the sentence "Officer Lestelle searched the Ford and found a screw driver with a hollow handle under the front seat" is true, but this finding occurred at the police station, and not before defendants were told they were under arrest, as the court of appeal decision suggests.

We note, however, that in holding there was probable cause to arrest the appellant and his two codefendants, the California appellate court did not rely on the two sentences specifically quoted above. The complete holding of that court, reciting the facts giving rise to its conclusion that probable cause existed, is given in the margin.[1] Thereafter the Supreme Court of California denied a hearing.

1. "The contention that the officers had insufficient information on which to arrest is untenable. The officers had ample information on which to arrest. [1] A peace officer may make an arrest without a warrant when he has reasonable cause for believing the person to be arrested has committed a felony. Pen. Code, § 836; People v. Smith, 50 Cal.2d 149, 151, 323 P.2d 435. [2] An arrest without a warrant is not unreasonable if the officer has reasonable cause to believe a person is in possession of contraband. People v. Gale, 46 Cal.2d 253, 255, 294 P. 2d 13. [3] Reasonable cause is a suspicion founded on circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true.

People v. Brite, 9 Cal.2d 666, 687, 72 P.2d 122; People v. McMurray, 171 Cal. App.2d 178, 184, 340 P.2d 335.

"[4] Officer Jones had information that milk sugar and capsules, which he knew were used in cutting heroin, had been purchased from a druggist. He learned from Schongarth, to whom the car in which the purchasers had driven belonged, and that Criswell and Fronte were dealing in narcotics. About six weeks before the arrests in this case, Jones arrested Fronte as a narcotics addict. An anonymous caller told Jones defendants were at the Citronia Street address, described their car, and said they had some 'stuff' which they were going to cut up. Jones knew Criswell had been

We are convinced, contrary to appellant's assertion, that there existed probable cause for arrest of appellant and his companions on the driveway in front of the appellant's home, both under the law of the State of California (cases cited in note 1), and under federal law. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Wong Sun v. United States, 371 U.S. 471, 480, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Williams v. United States, 273 F.2d 781, 791 (9th Cir. 1959); Costello v. United States, 324 F.2d 260, 261 (9th Cir. 1963). The officers had information from an informant that the appellant then had possession of narcotics. Previous information as to the conduct of appellant and his associates had proved reliable. The appellant's past record, then known to the arresting officers, indicated a close association with, if not knowledge of, illicit transactions in narcotics. Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The surreptitious and furtive conduct of those persons arrested, as observed by the officers, was a proper factor for them to consider, in view of their then knowledge. Cf. People v. Cedeno, 218 Cal.App.2d 213, 214, 32 Cal.Rptr. 246.

The arrest having been based on probable cause, both under state and federal law, the searches were incidental to the arrests, and were lawful. The officers were invited into the appellant's home.

Appellant concedes that the hearing and determination of this case made the companion case of Criswell v. Pitchess, No. 21,805, moot. It is dismissed.

The judgment in Criswell v. Comstock, No. 21,833, is affirmed.

arrested previously for selling narcotics. When defendants walked to the Ford they made furtive movements, and after they got in it Criswell and La Point observed the officers' car and made further furtive movements as though they were concealing contrabrand. Defendants got out of the Ford voluntarily. When they did, Jones noticed a fresh needle mark on one of Fronte's arms, saw that his eyes did not respond to light, and concluded he was under the influence of narcotics. On these facts the officers were clearly justified in arresting all three defendants. People v. Boyles, 45 Cal.2d 652, 656, 290 P.2d 535; People v. Fischer, 49 Cal.2d 442, 446, 317 P.2d 967; People v. Prewitt, 52 Cal.2d 330, 337, 341 P.2d 1; People v. Hammond, 54 Cal.2d 846, 853, 9 Cal.Rptr. 233, 357 P.2d 289. The information they had and the observations they made were enough to create a suspicion founded on circumstances sufficiently strong to warrant a reasonable man in believing felonies had been committed. The officers had reasonable cause to believe each defendant was committing a public offense, and the arrests were reasonable. * * *" People v. Criswell, 192 Cal.App.2d at 474–475, 13 Cal. Rptr. at 297.