THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN BONET FLORES, Defendant and Appellant.

No. CR-67-115.     Decided November 26, 1968.

*Julio García Antique, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

A search warrant having been issued by a magistrate, several internal-revenue special agents undertook to search and inspect the apartment where Félix Reyes lived in Lloréns Torres housing development. To enter said apartment the agents used a key which the administration of the housing development gave them. After they were inside, they went toward the bathroom where, upon breaking down the door, they found six persons, among them the defendant. They seized eighteen cigarettes which turned out to be marihuana, and several bottle tops and droppers containing a white powder which, when analyzed, turned out to be heroin. Appellant was accused and found guilty of two offenses of possession of drugs, being sentenced to serve from 7 to 10 years in the penitentiary, to be served concurrently.

On appeal, he assigns the commission of two errors: (a) the trial court erred in denying the motion to suppress the evi-

dence presented by the defense;[1] (b) the trial court erred in permitting that objects obtained by an unreasonable search be offered and admitted in evidence.

■ Rule 234 of the Rules of Criminal Procedure establishes that the motion to suppress evidence shall be filed five days before the trial, unless opportunity therefor does not exist, or the defendant is not aware of the grounds for the motion, or that the illegality of the search appears from the evidence for the prosecution. In the present case the defendant was present in the search, was fully aware of the seizure performed therein by the agents. He did not file his motion on time, nor did it fall under any of the exceptions established by said rule. The trial court did not err in denying said motion on the ground that it was not filed on time. *People* v. *Díaz Cintrón*, 91 P.R.R. 139 (1964); *People* v. *Nieves*, 67 P.R.R. 283 (1947).

■ As a second error appellant assigns that the search performed by the agents, although having a search warrant, was unreasonable. He challenges the method used to enter the apartment, after the manager of the housing development furnished them with a passkey to the apartment, and that after they were inside they proceeded to break down the bathroom door without previously giving notice of their presence and without requesting that the door be opened, said actions constituting an arbitrary invasion by the government agents. Appellant is not right. In the present case the agents had a search warrant, therefore, the problem of the validity of the admittance granted by the manager of the housing development in furnishing the agents with the key to said

---

[1] The motion to suppress the evidence was presented during the prosecution on November 13, 1963, on the ground that a sworn statement had not been offered to obtain the search warrant. This theory is erroneous. From the reading of the record it appears that what the agent failed to do was to offer a sworn statement before the prosecuting attorney during the investigation, but he did it before the judge prior to the issuance of the search warrant.

apartment is not raised herein. The fact that the agents did not comply with the requirement of giving notice of their authority before breaking down the bathroom door[2] does not render the search unreasonable either. Several exceptions have been acknowledged, jurisprudentially, to this rule of "giving notice of authority," by the state courts as well as by the Federal Supreme Court. In the case of *Ker* v. *California*, 374 U.S. 23 (1963), the Federal Supreme Court construing § 844 of the Penal Code of California[3] acknowledged that under certain circumstances such notice of authority may be dispensed with, for example, to avoid that the arresting officer's risk or danger be increased, to avoid the destruction of the evidence sought to be obtained; when the persons are aware of the officer's presence. See, also, *People* v. *Maddox*, 294 P.2d 6 (1956); *People* v. *Hammond*, 357 P.2d 289 (1960); *People* v. *Carrillo*, 412 P.2d 377 (1966); *"The Rule of Announcement and Unlawful Entry: Miller v. United States and Ker v. California,"* 112 U. Pa. L. Rev. 499 (1964). However, as it was stated in *People* v. *Gastelo*, 432 P.2d 706 (1967), the unannounced forcible entry cannot be justified on a blanket rule based merely on the type of offense

---

[2] Section 509 of the Code of Criminal Procedure (34 L.P.R.A. § 1819) provides:

"The officer, internal-revenue agent, or income-tax inspector, within the functions of his office, may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute the warrant, if after notice of his authority and purpose, he is refused admittance."

[3] "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

In the federal scope, § 3109, 18 U.S.C.A., provides:

"The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

or evidence involved. There should be some additional reason to justify the action. The court stated:

"The Attorney General contends that unannounced forcible entry to execute a search warrant is always reasonable in narcotics cases, on the ground that narcotics violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence.

"We do not agree with this contention. Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved. . . .

". . . Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. . . . Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen."

■ This case evidently falls in one of the exceptions established as to the rule of the notice of authority: the danger that the suspects destroy the evidence, thus frustrating the purpose of the search warrant. Their fear was not unreasonable or ungrounded, it being confirmed subsequently when the offender attempted to destroy or cause the evidence to disappear, by throwing out the apartment window "a dropper, medicine dropper, and a bottle top" which were caught in the air by one of the agents who had been posted in the rear part of the apartment.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.

