**Judy FAERBER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 9, 1969.

Rehearing Denied May 8, 1970.

E. R. Gregory, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Judith Lynn Faerber, a junior at Western Kentucky University, was convicted of an "attempt to commit the crime of possession of a narcotic not authorized by chapter 218 of Kentucky Revised Statutes", the Kentucky version of the Uniform Narcotic Drug Act. Her punishment was fixed at a fine of $1,000 and confinement in jail of one year. Specifically she had been indicted for having in possession a narcotic drug, marijuana, contrary to KRS 218.020.

Instruction 1 authorized the jury to convict the appellant for having marijuana in possession. The jury found her guilty under Instruction 3 an "attempt to commit the crime of possession * * *."

Appellant contends that it was error to give Instruction 3. At the trial objection was made to Instruction 3 as follows: "There is * * * no proof, charge or law justifying the giving of Instruction III." One ground of the motion for a new trial is "The court erred in giving Instruction #3 * * *."

The proof offered by the Commonwealth shows that the appellant went to Antioch College, Yellow Springs, Ohio, and obtained marijuana, which she brought back to Bowling Green, Kentucky. She took it to an apartment. There she, in company with others, sifted the marijuana and then divided it and the seeds into four shares. The evidence shows that she had possession of marijuana sufficient to sustain the charge of possession. There is no evidence to sustain any attempt to possess marijuana or the verdict returned herein. Hence Instruction 3, on attempt to possess, was not supported by proof, as was pointed out by the objection to the instruction. The objection was properly made. RCr 9.-

54, as amended; Hartsock v. Commonwealth, Ky., 382 S.W.2d 861; Martin v. Commonwealth, Ky., 406 S.W.2d 843.

Instructions to the jury should relate to and be confined to the issues concerning which evidence has been offered. In the absence of evidence tending to establish any particular degree of an offense, no instruction should be given which injects that particular offense or degree of offense into the case. Johnston v. Commonwealth, 170 Ky. 766, 186 S.W. 655; Daggit v. Commonwealth, 314 Ky. 721, 237 S.W.2d 49; Montague v. Commonwealth, Ky., 332 S.W.2d 543; and Martin v. Commonwealth, Ky., 406 S.W.2d 843.

In each of the cases cited the accused was charged with murder and was convicted of a lesser degree of homicide under an instruction unsupported by proof. In Johnston the reasoning is stated, page 657:

"It, therefore, results that the giving of the manslaughter instruction, to which appellant objected, was erroneous, and that the jury found the appellant guilty under an erroneous instruction of a crime that was not proven by the testimony is conclusive that the giving of the instruction was prejudicial. It can well be argued, and is convincing that upon the confessedly meager testimony against appellant in this case, the jury would have been unwilling to have convicted him of murder, the only crime proven, and that it was prejudicial to his rights to authorize the jury to convict him of a lesser crime that was not proven."

Instruction 3, under which appellant was convicted, was unsupported by proof and should not have been given. It was reversible error to do so.

Appellant also correctly argues that the instructions were erroneous in form in that the instructions did not require the jury to believe from the evidence that the offense had been committed. Stanley, Kentucky Instructions to Juries, Vol. 3, section 765, page 10. This is fundamental

but no proper objection was ever made on this basis.

Appellant urges that the prosecuting witness was an accomplice, so as to make his testimony alone insufficient on which to sustain the conviction. Head v. Commonwealth, Ky., 310 S.W.2d 285. There are two reasons why this objection is not meritorious. First, the testimony of the prosecuting witness Jensen was corroborated by the testimony of witness Jim Warford, and by testimony of the finding of marijuana in a headlight of a motorcycle left by him at the Faerber house. Second, as between the buyer and seller of intoxicating liquor, "the buyer is not an accomplice of the seller." Dunaway v. Commonwealth, 239 Ky. 166, 39 S.W.2d 242, and cases cited therein.

In Statom v. Commonwealth, 201 Ky. 668, 258 S.W. 89, testimony in a prosecution for having a moonshine still in possession that "me and Charlie (accused) and the whole bunch out there have been still-ing for the last two years" did not show that witness was an accomplice of the accused so as to require corroboration under CrC, section 242, now RCr 9.62. See also Wharton's Criminal Evidence, Vol. 2, section 456, page 240, and Underhill's Criminal Evidence, 5th Ed., section 176, page 353. The reason given for holding that the purchaser is not an accomplice of the seller is that the purchaser, if guilty of any crime, is guilty of a crime distinct from that for which the seller is being prosecuted. By similar reasoning, one who receives marijuana from a procurer and possessor of marijuana, as here, is not an accomplice. See People v. Miller, 162 Cal. App.2d 96, 328 P.2d 506, involving marijuana.

It is unnecessary to discuss other claimed errors since they relate peculiarly to the first trial and are not likely to arise again.

Judgment reversed.

All concur.