Johnnie Lee **SPILLMAN**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 5, 1971.

David B. Whites, Louisa, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

A jury found Johnnie Lee Spillman guilty of voluntary manslaughter and fixed his punishment at imprisonment for fifteen years. Spillman attacks the judgment of conviction, asserting that (1) the court erroneously permitted evidence of custodial confessions of the accused obtained without prior constitutional warnings; (2) appellant was prejudiced because no examining trial was afforded; (3) the court improperly rejected evidence offered by appellant; and (4) the court erred in refusing an instruction offered by appellant.

Hershel Jobe was the homicide victim. Jobe and appellant were brothers-in-law; Jobe's wife and Spillman's wife were sisters. The meager evidence indicates that Jobe's dead body, with three wounds from a .22 caliber pistol, was found by law-enforcement officers about midnight, December 22, 1969. The body was in the two-room dwelling occupied by Spillman and his family, although none of the Spillman family was at home when the officers arrived. A post-mortem blood sampling reflected Jobe's blood-alcohol content as 0.-27%, indicating a considerable degree of intoxication. Other evidence tended to show that appellant also had imbibed some intoxicants, but that he was not intoxicated, when the officers arrested him shortly after locating the victim's body.

Appellant voluntarily took from his pocket and handed to an officer the pistol used in the killing, as soon as the officer located him. Appellant was then arrested. An officer testified that he informed appellant of "his rights," without detailing in evidence just what rights he mentioned to appellant. Thereafter, appellant allegedly made inculpatory statements to the officer. Appellant contends that error was committed by the court's allowing the officer to testify concerning the admissions. It is not necessary to decide whether mere recitation that an accused was advised of his "rights" satisfies the warning requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. This is so because the record is barren of any objection by the appellant to the admission of the officer's testimony. The failure to raise the question in the trial court precludes its consideration on appeal. RCr 9.22. Koes-

ter v. Commonwealth, Ky., 449 S.W.2d 213, 216.

■ As to the claimed error in failing to afford appellant an examining trial, it is sufficient to observe that no objection respecting this was presented to the trial court. Moreover, the clerk's record and the evidence at trial indicated that a preliminary hearing was held. In any event, nothing was shown to suggest that appellant was in any wise prejudiced by lack of a preliminary hearing. No basis for reversal is presented on this account. Cf. Carson v. Commonwealth, Ky., 382 S.W.2d 85.

■ Appellant sought to introduce evidence of decedent's violent proclivities when intoxicated. The effort in this regard was the following question posed to a state trooper on cross-examination:

"Q.25. How many calls, Trooper, since you have been in this area, I think you said you came here in 1964, how many calls have you had to come out there because of Hershel Jobe (the victim)?"

The trial court sustained the prosecution's objection to that question. Appellant proffered no evidence by avowal, but now complains that the trial court improperly rejected competent evidence. It may be conceded that proof of the violent disposition of the decedent would have been proper, assuming a showing of self-defense. Cf. 40 Am.Jur.2d, Homicide, Section 302, pp. 569–571; Friley v. Commonwealth, Ky., 255 S.W.2d 483; Lee v. Commonwealth, Ky., 329 S.W.2d 57. However, those same authorities teach that specific acts of violence by the victim may not be shown. In any event, the failure to show by avowal what evidence was proffered forecloses the question on appeal. Friley v. Commonwealth, Ky., 255 S.W.2d 483; Cooley v. Commonwealth, Ky., 459 S.W.2d 89.

■ The appellant requested an instruction concerning his right to defend his home, his family, and himself. The court refused the instruction but did qualify the instruction on voluntary manslaughter by requiring the jury to believe beyond reasonable doubt that the accused had committed the homicide "not in his own defense nor in the defense of any member of his immediate family." The appellant offered no evidence. Neither was there any testimony presented by the Commonwealth tending to generate an issue of self-defense or defense of home or others. In these circumstances, there was no error in refusing an instruction concerning matters not at issue. Faerber v. Commonwealth, Ky., 452 S.W.2d 624, and cases cited therein.

The judgment is affirmed.

All concur.