**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10221 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00532-EMC-1 |
| v. | |
| TUAN DUC LAM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted May 13, 2019
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BASTIAN,** District
Judge.

Defendant-Appellant Tuan Duc Lam was convicted of fraudulent use of an

unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2), and aggravated

identify theft, in violation of 18 U.S.C. § 1028A(a)(1), in connection with his use

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stanley Allen Bastian, United States District Judge for
the Eastern District of Washington, sitting by designation.

of a fake license and credit card to purchase an expensive Rolex watch. Lam appeals his conviction on the ground that the district erred in denying his motion to suppress the license and credit card, which Lam contends were seized during an unlawful search of his person. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We hold that Sergeant Joseph and Officer McGoon seized the license and credit card during a valid search incident to arrest. *See United States v. Henderson*, 241 F.3d 638, 649 n.1 (9th Cir. 2001) (noting that we may affirm on any basis fairly presented in the record).

First, Sergeant Joseph and Officer McGoon had probable cause to arrest Lam at the time of the search. *See United States v. Johnson*, 913 F.3d 793, 799 (9th Cir. 2019); *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002). A store employee had told them that it was unusual for a person to purchase a $14,000 watch one day and then return for a $13,000 watch the next day, which is what Lam did. When Lam first saw the officers, it appeared to them as if Lam was going to flee. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 587 (2018); *Criswell v. Comstock*, 396 F.2d 857, 859 (9th Cir. 1968). Finally, the officers had strong evidence that Lam had used a fake license to purchase the watch. The officers reviewed a photocopy of the license, taken by the jewelry store at the time of Lam's purchase, before their interaction with Lam. The license Lam used showed that "Henry Lee" was 40 years old and showed a picture of a

2

man who looked about 40 years old. But, based on DMV records, the officers knew the real Henry Lee was 70 years old.

Contending that the officers lacked probable cause, Lam urges that the age discrepancy on the license could have been error on the part of the DMV, or it could have some other innocent explanation. He also contends that Officer McGoon's statement that "without the actual card, [Officer McGoon] could not verify its validity" shows that the officers did not have probable cause to believe Lam had committed a crime. But Lam's arguments ignore that there need only be a "fair probability that [Lam] had committed a crime." *Valencia-Amezcua*, 278 F.3d at 906. The information available to the officers need not demonstrate that Lam committed a crime beyond a reasonable doubt, or even by a preponderance of the evidence. *See Herring v. United States*, 555 U.S. 135, 139 (2009). Here, we conclude that the evidence known to the officers was sufficient to establish probable cause.

Second, "the arrest . . . follow[ed] during a continuous sequence of events." *Johnson*, 913 F.3d at 799. Although the parties dispute the precise moment that Lam was under "arrest," we conclude that the arrest occurred at least once Lam was handcuffed and read his *Miranda* rights. At that point, a "reasonable person" would not "feel that he or she [would] be free to leave after brief questioning." *United States v. Guzman–Padilla*, 573 F.3d 865, 884 (9th Cir. 2009); *see also*

3

*Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *United States v. Bravo*, 295 F.3d 1002, 1010 (9th Cir. 2002). Lam's arrest occurred less than two minutes after the search and without intervening acts. The officers merely asked Lam his name, where the watch was, and provided the credit card information to dispatch. *Cf. United States v. McLaughlin*, 170 F.3d 889, 893 (9th Cir. 1999); *United States v. Hudson*, 100 F.3d 1409, 1413, 1419 (9th Cir. 1996).

The district court held that the search of Lam was not a valid search incident to arrest because the officers did not need to search Lam's wallet once they seized it. The court reasoned that the officers could have instead obtained a warrant. The district court erred on this point. We have long held that law enforcement may search the contents of a wallet incident to lawful arrest. *See United States v. Passaro*, 624 F.2d 938, 944 (9th Cir. 1980); *see also Riley v. California*, 573 U.S. 373, 392–93 (2014); *United States v. Molinaro*, 877 F.2d 1341, 1346–47 (7th Cir. 1989); *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985).

Because the search was incident to lawful arrest, we affirm the district court's decision denying Lam's motion to suppress. We do not reach the alternative contention that the license and credit card would inevitably have been discovered.

**AFFIRMED.**

4