EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARTA SIERRA CABRERA, acusada y apelante.

Número 15858.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 16 de marzo de 1955.

*Luis A. Noriega,* abogado de la apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Marta Sierra Cabrera fué acusada ante el Tribunal Superior de Puerto Rico, Sala de Ponce, de una infracción a la

Ley núm. 220 de 1948 ((1) pág. 739), (Ley de Bolita), consistente en que tenía en su posesión, en su residencia, "132 quintos de bolita de la banca denominada 'El Pueblo', y dos listas de papel blanco rayado conteniendo números de tres cifras . . . más noventa y seis talonarios que corresponden a billetes de bolita ya vendidos o en alguna forma separados de los tickets o billetes, a sabiendas que dichas listas de papel conteniendo números más los referidos tickets y talonarios, eran para utilizarse y se estaban utilizando en relación y combinación con el juego prohibido de la Bolita o Boli-Pool y en relación y combinación clandestina con la Lotería Nacional de Santo Domingo, R. D.".

Visto el caso, la acusada fué declarada culpable y sentenciada a cumplir seis meses de cárcel. No conforme apeló y en su alegato imputa a la corte sentenciadora la comisión del siguiente:

### "Unico Error

"El Tribunal Superior de Puerto Rico, Sala de Ponce, cometió grave error al declarar sin lugar la moción presentada por el abogado de la acusada apelante sobre la no admisión de la evidencia obtenida mediante la orden de allanamiento debido a no haberle leído a ésta en forma alguna la orden de allanamiento antes de registrar su residencia, no sabiendo ésta leer."

Este error se funda en el siguiente incidente. Cuando el Ministerio Fiscal estaba terminando su caso, ofreció en evidencia el material de bolita ocupado en la residencia de la acusada. Ésta se opuso a su admisión alegando que por no saber ella leer, los agentes que diligenciaron la orden de allanamiento venían obligados a leérsela, y no lo hicieron. La evidencia fué admitida por la corte y la acusada anotó su excepción.

Es obvio que la objeción formulada por la acusada a la admisión de la evidencia ofrecida constituía un ataque a la validez del allanamiento efectuado en su residencia. Independientemente de si tal objeción fué levantada tardía-

mente,(¹) según alega el fiscal de este Tribunal, el error señalado no fué cometido.

La orden de allanamiento no le fué leída por los agentes del orden a la apelante pero el sargento de la policía Juan A. Pérez declaró que "habían dos niñas ya señoritas que dijeron ser hijas de la señora [se refería a la acusada] y tuvieron la orden en sus manos." La propia acusada, admitió en la silla de los testigos que "cuando yo salí del cuarto fué que me dieron el papel . . .". Por otro lado, de la conversación que sostuvo el sargento Pérez con la acusada en el momento de efectuarse el registro, se desprende que ella quedó enterada del objeto de la visita de los funcionarios que ejecutaron la orden de allanamiento.

En el caso de *Pueblo* v. *Albizu*, 77 D.P.R. 896, dijimos que en ausencia de un requisito estatutario en tal sentido, el oficial encargado del diligenciamiento de una orden de allanamiento no está obligado a mostrarla como un requisito previo a su derecho a ejecutarla y que aun bajo estatutos que lo requieren afirmativamente, éste ha sido interpretado como uno directivo y no mandatorio.

Si ello es así, menos razón hay para sostener que es nulo un allanamiento porque la orden no le fuera leída a la persona contra quien va dirigida. El requisito de la lectura de la orden de allanamiento no figura en nuestro estatuto, y su incumplimiento no vicia de nulidad el registro practicado. Véase *Barnett* v. *Commonwealth*, 268 S.W. 1084.

█ Siendo legal el registro practicado en la residencia de la acusada, el material de bolita allí ocupado era admisible en evidencia.

*La sentencia apelada será confirmada.*

---

(¹) *Cf. Pueblo* v. *Capriles*, 58 D.P.R. 548; *Pueblo* v. *Figueroa*, 59 D.P.R. 918 y *Pueblo* v. *Nieves*, 67 D.P.R. 305.