EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
CÁSTULO COLÓN FELICIANO, acusado y apelante.

*Números:* CR–62–38, CR–62–39      *Resueltos:* 30 de noviembre de 1962

*Luis A. Noriega,* abogado del apelante; *J. B. Fernández Badillo,*
*Procurador General,* y *Héctor R. Orlandi Gómez, Procurador*
*General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presi-
dente de Sala y los Jueces Asociados Señores Hernández
Matos y Santana Becerra.

PER CURIAM: El fiscal formuló contra Cástulo Colón Fe-
liciano, apelante en este recurso, cuatro acusaciones por in-
fracciones a la Sección 4 de la Ley de Bolita y por hechos
ocurridos en 9, 26 y 29 de enero y 2 de diciembre de 1960.
Se le absolvió en dos casos por el Tribunal Superior, Sala de
Guayama.  En los otros dos se le declaró culpable, imponién-
dosele una pena de ocho meses de cárcel en cada caso, a ser
cumplidas concurrentemente.

En apelación contra esas sentencias condenatorias sos-
tiene que erró el tribunal de instancia (a) al declararlo cul-

pable sin tomar en consideración las contradicciones cometidas por el testigo principal de El Pueblo, y (b) sin haberse establecido fuera de toda duda razonable su responsabilidad criminal por los hechos cometidos el 2 de diciembre de 1960, "ya que al ocuparse una lista de bolita sobre su persona" y mientras se ejecutaba una orden de arresto contra él no se le advirtió del contenido de la orden de arresto y así fue registrado, explicándosele posteriormente dicho contenido, además de que el contenido de dicha lista "no era clara y terminantemente una lista de bolita por ser susceptible de interpretación inocente su contenido."

A nuestro juicio, ninguno de esos dos errores fue cometido. La prueba de cargo consistió en los testimonios orales de los policías Pío García Prados y Fernando Ibarra y de dos *exhibits*. La de la defensa en el propio testimonio del acusado, respecto a la acusación por hechos ocurridos el 2 de diciembre de 1960. ■

El primer señalamiento se refiere a la acusación motivada por los hechos ocurridos el 26 de enero de 1960, y sobre los cuales declaró el policía García Prados, quien actuaba como agente encubierto. Argumenta el apelante que el tribunal no debió haberle dado crédito debido a "las contradicciones en que incurrió." Hemos examinado su declaración, que fue la principal en los casos de enero de 1960. Es extensa y detallada. Ocupa 58 páginas de la transcripción. Consideradas en conjunto, las contradicciones en que pudo haber incurrido respecto al nombre del acusado, carecen de importancia. El juez le concedió crédito a su testimonio que estimamos suficiente para establecer, fuera de toda duda, que el acusado vendió a dicho agente encubierto un número de la bolita, por veinte centavos, que anotó ese número en un pedazo de papel amarillo y se lo entregó al agente encubierto. —*Ex.* I de El Pueblo, Caso M. 61–10.

No encontramos fundamentos de méritos en la prueba que sostengan el segundo señalamiento. La orden de arresto

se libró por un magistrado el 30 de noviembre de 1960. El policía Ibarra que la diligenció en unión a otro compañero dos días después, declaró que al arrestar al acusado le mostró la orden de arresto, le explicó que esa orden de arresto era por violación a la Ley de Bolita, que la había expedido el Juez Ismael Anglade, y luego procedió a registrarlo y le encontró una lista que tenía "en el bolsillo de atrás del lado izquierdo" del pantalón.—Tr. 73 y 75. El apelante declaró que fue después de registrarlo y de ocuparle la lista que el policía Ibarra le mostró la orden de arresto. El conflicto en la prueba así creado fue resuelto en su contra por el tribunal de instancia. ▮

En este caso quedaron cumplidos sustancialmente los requisitos fijados por los Arts. 121 y 122 del Código de Enjuiciamiento Criminal para proceder a efectuar un arresto. Los casos citados en el alegato del Procurador se refieren a la diligencia de una orden de allanamiento. No son de aplicación, porque respecto a las órdenes de allanamiento el oficial encargado del mismo no tiene que mostrarla previamente a la persona allanada.—*Pueblo* v. *Albizu,* 77 D.P.R. 888 (1955) y *Pueblo* v. *Sierra,* 78 D.P.R. 85 (1955). En caso de ejecutarse una orden de arresto deberá mostrarse a la parte interesada "si ella lo solicita", según lo dispone dicho Art. 122. El acusado no lo solicitó.—Tr. 100 y 101.

De un ligero examen de la lista que el propio acusado declaró le fue ocupada por el policía Ibarra, puede llegarse a la conclusión de que la misma es una lista de números de la bolita. El uso inocente que el acusado sugiere pudiera tener esa lista no fue explicado, ni aun insinuado por él en el juicio. Se limitó a contestar, cuando se le preguntó si sabía de qué era esa lista: "No sé leer ni escribir."—Tr. 103.

*Por todo lo expuesto, las sentencias apeladas deberán ser confirmadas.*