EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HIPÓLITO LUGO FIGUEROA, acusado y apelante.

*Número:* CR-65-314      *Resuelto:* 25 de mayo de 1966

*Santos P. Amadeo,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Apunta el apelante Hipólito Lugo Figueroa que erró el tribunal de instancia al admitir en evidencia dos envases de cristal: uno conteniendo cuatro onzas de ron caña y otro conteniendo nueve onzas de ron con agua que fueron ocupados por agentes de rentas internas al registrar el domicilio del apelante mediante orden de allanamiento expedida por el juez de paz de Dorado. Fue convicto por tribunal de derecho en 23 de abril de 1962, por el Tribunal Superior, Sala de Bayamón, de la infracción a los Arts. 21 y 77 de la Ley de Bebidas (13 L.P.R.A. secs. 1574 y 1754), consistente en tener en su residencia y a su disposición el envase conteniendo cuatro onzas de ron caña sin tener adheridas las estampillas significativas de haber pagado los impuestos de rentas internas fijadas por ley. Se le condenó a la pena de dos meses de cárcel.

En apoyo del anterior apuntamiento, arguye el apelante que el registro en cuestión fue irrazonable porque los funcionarios que lo realizaron no le notificaron al apelante con qué autoridad y propósito iban a allanar su morada, como lo requiere el Art. 509 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 1819);[1] que tal notificación debe hacerse a una persona adulta y no a un menor; que sólo cuando existen las circunstancias especiales especificadas en *Kerr* v. *California*, 374 U.S. 23 (1963), es que no es necesario dar cumplimiento al requisito de notificación.

A los fines de resolver es necesario hacer un resumen de la prueba testifical que tuvo ante sí el juez sentenciador. Es contradictoria. El agente de rentas internas, Vázquez Trinidad, testificó que el 10 de noviembre de 1961 él formaba parte de una patrulla que mediante orden de allanamiento expedida por el juez de paz de Dorado procedió a registrar la residencia del apelante; que en el servicio sanitario encontró y ocupó dos envases de cristal, uno conteniendo 4 onzas de ron caña y el otro conteniendo nueve onzas de ron con agua, sin tener adheridos los sellos de rentas internas; que al entrar a la casa habían varias personas porque estaban asando un lechón allí; que al entrar el apelante "Estaba abajo"; que la orden de allanamiento se entregó a una hija del apelante, que se arrestó al apelante en el acto y se llevó a presencia del referido juez de paz; que el encargado de la patrulla le dio la orden de allanamiento al apelante. El apelante testificó que sus hijas no estaban en la casa cuando entraron los agentes en cuestión. Una tenía 14 años y la otra seis; que vio a los agentes con los dos envases en la mano; que él no los

---

[1] El Art. 509 del Código de Enjuiciamiento Criminal dispone que:

"El agente de la autoridad, agente de rentas internas, o inspector de contribución sobre ingresos, dentro de las funciones de su cargo, puede descerrajar cualquiera puerta o ventana interior o exterior de una casa o cualquiera parte de la casa o cosa dentro de la casa con el objeto de cumplimentar la orden de registro, si al dar a conocer la autoridad de que va revestido y el objeto de su visita, le fuere negada la entrada."

tenía en la casa; que nunca vio la orden de allanamiento; que no se dedicaba al negocio de vender bebidas; que en esa ocasión estaba asando un lechón abajo desde donde vio los agentes y, al subir los agentes le dijeron "aquí cogimos esto, vamos para el cuartel" y lo llevaron al cuartel y "Fuimos allá y el Juez puso fianza."

No tiene razón el apelante. En primer lugar, *Kerr*, supra, no sostiene lo que el apelante afirma pues en ese caso se sostuvo el registro de una casa, a la que penetraron los agentes de la policía con una llave de paso sin orden de allanamiento, para arrestar a los peticionarios, ya que existía causa probable para su arresto. El registro fue incidental al arresto. En segundo lugar, las circunstancias especiales a que se refiere, fueron señaladas en *People* v. *Maddox*, 294 P.2d 6, 9 (Cal. 1956), por vía de excepciones existentes como reglas de Ley Común, al requisito de demanda y explicación de la Sec. 844 del Código Penal de California que provee que "Al hacer un arresto, la persona particular, si el delito es grave, y en todos los casos el agente del orden público, podrá descerrajar cualquier puerta o ventana de la casa donde se encuentre la persona que ha de ser arrestada, o donde, si tienen fundamentos razonables al efecto, ellos crean que esté, luego de exigir la entrada y explicar el propósito a la consecución del cual se desea entrar." En *Maddox*, supra, existía causa razonable para creer que se estaba cometiendo un delito grave en una casa. Se oyeron pasos por vía de escape de manera que se justificaba creer que el delincuente podía escapar. Se concluyó que en tales circunstancias el abrir la puerta de la casa de un puntapies y dirigirse apresuradamente a la cocina donde se encontraba el acusado y donde se encontró la evidencia objetada, no justificaba negar su admisión por no haberse cumplido con el requisito de exigir la entrada y explicar el propósito que provee la Sec. 844. *United States* v. *Tracy*, 350 F.2d 658 (3d Cir. 1965); *Masiello* v. *United States*, 317 F.2d 121 (D.C. Cir. 1963).

Bajo las circunstancias del caso ante nos, se cumplió sustancialmente con los requisitos de diligenciamiento de la orden de allanamiento (34 L.P.R.A. secs. 1819, 1820 y 1823; y las Reglas 231, 232 y 233 de las de Procedimiento Criminal). No hubo oposición a la entrada de los agentes a la casa del apelante. Hubo prueba de que la orden de allanamiento se entregó al apelante. El récord demuestra que de lo sucedido en la casa luego de ocurrido el allanamiento, el apelante necesariamente tuvo conocimiento del propósito del allanamiento. *Pueblo* v. *Colón Feliciano*, 86 D.P.R. 657, 659 (1962); *Pueblo* v. *Sierra*, 78 D.P.R. 85, 87 (1955); *Pueblo* v. *Albizu*, 77 D.P.R. 896 (1955); *United States* v. *Williams*, 351 F.2d 475 (6th Cir. 1965).

*En vista de lo expuesto, se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Bayamón, en 28 de abril de 1962.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Santana Becerra y Dávila no intervinieron.