[Crim. No. 5683.   In Bank.   Feb. 28, 1956.]

THE PEOPLE, Respondent, v. ELJOE MADDOX, Appellant.

Eljoe Maddox, in pro. per., and Clinton Wayne White, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Leo. J. Vander Lans, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant was found guilty by a jury of two counts of selling heroin (Health & Saf. Code, § 11500) and one count of maintaining a place for the purpose of selling, giving away, or using heroin. (Health & Saf. Code, § 11557.) His motion for a new trial was denied, and judgment was pronounced against him. He appeals from the judgment and the order denying his motion for a new trial.

Roy Cleek testified that on June 23, 1954, he visited defendant's home in Oakland and bought a $10 "paper" of heroin, as he had done many times in the preceding six months. He used defendant's equipment to take a shot of heroin and left it on the kitchen table. Both Cleek and Joe Davis testified that at about 3:30 p. m., Davis came to defendant's residence, bought a "paper" from defendant, and used the same equipment to take a shot of heroin. Shortly after 4:30 p. m. Cleek and Davis left the premises and had not gone far when they were arrested by Officers Taylor and Hilliard of the Oakland Police Department. Officer Taylor testified that he had the premises under surveillance for about a month, that he saw known users of narcotics frequenting them, and that on June 23d he and Officer Hilliard arrived at their lookout a few minutes before Cleek and Davis left defendant's home. Davis told the officers that he had been to defendant's home and had taken a shot of heroin. Officer Taylor and Davis then went to defendant's door and knocked. Officer Taylor heard a male voice say, "Wait a minute" and also heard the sound of retreating footsteps. He kicked the door open and rushed to the kitchen where he saw defendant with a spoon in his hand running toward the bedroom. He grappled with defendant, who threw the spoon into the bedroom. He found a small parcel containing two hypodermic needles, a syringe, and an eye dropper on the kitchen table. There were traces of heroin on the spoon. Within two hours after the officers arrived, seven persons came to the premises, five were known to Officer Taylor as narcotics users, and a sixth had needle marks on his arm.

Defendant testified in his own behalf and denied that he had sold heroin to Cleek or Davis or had ever had heroin in his possession. Cleek was a friend of his who visited him that day for a friendly conversation, and Davis came to discuss a new fender for defendant's car. After Cleek and Davis left, defendant discovered the parcel on the kitchen table and concluded that one of his visitors had left it. He

denied any knowledge of the spoon or having it in his hand when Officer Taylor entered.

Defendant contends that the spoon and hypodermic equipment were illegally obtained and therefore inadmissible. The attorney general contends that the officers had reasonable cause to arrest defendant for the commission of a felony, that they could lawfully enter his premises to make the arrest, and that the seizure of the evidence was lawful as an incident to the arrest. He also contends that since no objection was made in the trial court, the admissibility of the evidence cannot be challenged for the first time on appeal.

This case was tried before the decision in *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905]. We held in *People* v. *Kitchens, ante,* p. 260 [294 P.2d 17], that the rule that the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, is not applicable to appeals based on the admission of illegally obtained evidence in cases tried before the decision in the Cahan case. In such cases, however, in the absence of evidence to the contrary, it is presumed that the officers acted legally. (*People* v. *Farrara, ante,* p. 265 [294 P.2d 21].) Moreover, in the present case Officer Taylor had defendant's home under surveillance for about a month and had observed known narcotics users frequenting it, and the information Davis gave him before the arrest was reasonable cause for the arrest. (See *People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535] ; Pen. Code, § 836, subd. 3.)

Defendant contends, however, that the arrest was illegal because Officer Taylor did not comply with Penal Code, section 844. That section provides: ''To make an arrest, a private person, if the offense be a felony, and in all cases a peace-officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired.'' It is undisputed that Officer Taylor did not demand admittance and explain the purpose of the demand before he kicked in defendant's door.

The question is thus presented whether or not evidence obtained by a search incident to an arrest must be excluded when the officer has reasonable cause to make the arrest and search but fails to comply with the requirements of section 844. In previous cases we considered the requirements of both section 844 and section 841 of the Penal Code, but found

it unnecessary to determine whether a violation of either section without more compels exclusion of evidence obtained at the time of an arrest, since those sections were complied with (see *e.g., People* v. *Martin, supra,* 45 Cal.2d 755, 762-763 [290 P.2d 855] ; *People* v. *Rios, ante,* p. 297 [294 P.2d 39] ; *Willson* v. *Superior Court, ante,* p. 291 [294 P.2d 36]), or the evidence was otherwise unlawfully obtained. (See *People* v. *Cahan, supra,* 44 Cal.2d 434.)

The answer to this question must be sought in the basic reasons for the exclusionary rule. We considered those reasons again in *People* v. *Martin, supra,* 45 Cal.2d 755, and expressly rejected the theory that evidence is excluded to redress or punish a past wrong. ▮ The evidence is excluded ''on the ground that the government must not be allowed to profit by its own wrong and thus encouraged in the lawless enforcement of the law.'' (45 Cal.2d at p. 761.) ▮ Accordingly, we held in the Martin case and in *People* v. *Boyles, supra,* 45 Cal.2d 652, 654, that illegal conduct that was entirely unrelated and collateral to the securing of the evidence objected to does not render that evidence inadmissible. (See also *Rogers* v. *Superior Court, ante,* pp. 3, 10-11 [291 P.2d 929].) An example of such conduct would be the failure to comply with the requirements of Penal Code, section 841,* which are analogous to the requirements of section 844. If the officer has reasonable cause to make an arrest, a violation of section 841 would be unrelated and collateral to the securing of evidence by a search incident to the arrest, for what the search turns up will in no way depend on whether the officer informed ''the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it.''

The demand and explanation requirements of section 844 present a more difficult problem. The officer's compliance with them will delay his entry, and cases might arise in which the delay would permit destruction or secretion of evidence so that what the search turns up would depend on the officer's compliance with the section. In other cases, however, the evidence may not be readily disposed of, and in

---

*''The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of or an attempt to commit an offense, or is pursued immediately after its commission, or after an escape.''

still others it may be impossible to determine whether or not the evidence would still have been available had there been the delay incident to complying with the section.

It must be borne in mind that the primary purpose of the constitutional guarantees is to prevent unreasonable invasions of the security of the people in their persons, houses, papers, and effects, and when an officer has reasonable cause to enter a dwelling to make an arrest and as an incident to that arrest is authorized to make a reasonable search, his entry and his search are not unreasonable. Suspects have no constitutional right to destroy or dispose of evidence, and no basic constitutional guarantees are violated because an officer succeeds in getting to a place where he is entitled to be more quickly than he would, had he complied with section 844. Moreover, since the demand and explanation requirements of section 844 are a codification of the common law, they may reasonably be interpreted as limited by the common law rules that compliance is not required if the officer's peril would have been increased or the arrest frustrated had he demanded entrance and stated his purpose. (*Read* v. *Case*, 4 Conn. 166, 170 [10 Am.Dec. 110]; see Rest., Torts, § 206, com. d.) Without the benefit of hindsight and ordinarily on the spur of the moment, the officer must decide these questions in the first instance.

When, as in this case, he has reasonable grounds to believe a felony is being committed and hears retreating footsteps, the conclusion that his peril would be increased or that the felon would escape if he demanded entrance and explained his purpose, is not unreasonable. In this proceeding we are not concerned with whether or not the officer's failure to do so would have justified defendant in using force to protect his person or property, or whether or not a jury in a trespass action might conclude that reasonable cause for the officer's failure to comply with the demand and explanation requirements did not exist. Moreover, since the officer's right to invade defendant's privacy clearly appears, there is no compelling need for strict compliance with the requirements of section 844 to protect basic constitutional guarantees. (*Cf. People* v. *Boyles, supra*, 45 Cal.2d 652, 656; *People* v. *Cahan, supra*, 44 Cal.2d 434, 442, footnote.)

We conclude therefore that when there is reasonable cause to make an arrest and search and the facts known to him before his entry are not inconsistent with a good faith belief on the part of the officer that compliance with section

844 is excused, his failure to comply with the formal requirements of that section does not justify the exclusion of the evidence he obtains.

The judgment and order are affirmed.

Gibson, C. J., Schauer, J., Spence, J., and McComb, J., concurred.

Shenk, J., concurred in the judgment.

CARTER, J.—I concur in the judgment of affirmance because I believe that on the record before us the officers had reasonable grounds to believe that defendant was engaged in the commission of a felony at the time the search was executed and that the evidence obtained as the result of the search was therefore admissible against him.

Appellant's petition for a rehearing was denied March 21, 1956.