Abraham N. Geller, J.
Defendants move for an order: (1) suppressing the evidence obtained by an alleged unlawful search and seizure, or, in the alternative, granting a hearing with respect thereto; (2) authorizing an inspection of the Grand Jury minutes and, upon such inspection, dismissing the indictment against defendants.
The indictment charges defendants with the crimes of operating a policy business, keeping a place for the game of policy and possession of policy slips. The charges are bottomed on a finding in the first instance of illegal possession of policy slips.
There was no preliminary hearing. Defendants allege, and the Grand Jury minutes establish, that the policy slips upon which the charges are based were obtained by the police as the result of a search of the apartment of defendants’ daughter (defendant in the companion motion of People v. Lesandro [31 Misc 2d 502]) at a time when they were all present, in the course of which they were arrested.
The record does not show that a search warrant was obtained, and one of the officers testified before the Grand Jury that a fictitious name was used to gain entrance.
The authorities hold that in the absence of a warrant or of consent a home may not be searched merely on probable cause but that there must also exist some grounds reasonably calling for quick action. (See Johnson v. United States, 333 U. S. 10; Miller v. United States, 357 U. S. 301; Jones v. United States, 357 U. S. 493; Smith v. United States, 254 F. 2d 751, cert, denied 357 U. S. 937; Lee v. United States, 232 F. 2d 354.)
No opposing affidavit, but merely a general memorandum addressing itself to the matter of procedure and suggestions *497 for handling by this court of the anticipated large number of motions to suppress, was submitted by the District Attorney. As such motions are new to our courts, the District Attorney should be afforded an opportunity to submit an affidavit setting forth such grounds as in his opinion justify the search in this case under the law which must now be applied by the court, if same are claimed to exist, and an outline of the evidence to support such grounds which he is prepared to offer at a hearing, together with a memorandum of law on the point involved. Although the burden of proof on the issue of the lawfulness of a search and seizure may be defendants’, sufficient has here been shown to require the District Attorney to go forward with evidence of justification, if same exists. It should also be noted that in this case suppression of the evidence obtained by the search and seizure would compel dismissal of the indictment.
Failing submission of a sufficient affidavit within one week from the date hereof, the court will be constrained to grant defendants’ motion on the state of the record and an appropriate order may be settled on notice. If an affidavit is submitted which I find sufficiently raises an issue requiring a hearing, the motion will be held and referred to the Trial Judge to be disposed of in accordance with the procedure set forth in People v. Gonzales (31 Misc 2d 486), decided simultaneously herewith.
(Supplemental Opinion.)
In its decision on defendants’ motions to suppress the evidence of policy transactions seized in the search of their daughter’s apartment and for inspection of the Grand Jury minutes and dismissal of the indictment, the court held that defendants had made a prima facie case entitling them to the relief requested unless the District Attorney submitted a sufficient affidavit setting forth “ such grounds as in his opinion justify the search in this case under the law which must now be applied by the court, if same are claimed to exist, and an outline of the evidence to support such grounds which he is prepared to offer at a hearing. ’ ’
The District Attorney has not submitted an affdavit: (1) contesting defendants’ “standing” to suppress the evidence seized, by reason of their alleged failure to claim a proprietary interest therein and meet the burden of establishing their right as persons aggrieved to make the application; (2) stating in outline form the facts as to the time of receipt of information from an alleged confidential source and the reason why it is claimed to have been impracticable to obtain an arrest or search warrant; and (3) alleging that the search was valid as an *498 incident to a lawful arrest, admittance to the apartment being gained as the result of a ruse by the officer knocking on the door and using the name of a known gambler.
As to (1): Defendants come squarely within the rule laid down in Jones v. United States (362 U. S. 257, 267) that “ anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him.” Since the mere admission of ownership of contraband constitutes self incrimination, such requirement of a proprietary claim in the product cannot be exacted to prove “ standing.” Indeed, the rule should broadly provide that the right to apply to suppress evidence should be extended to any person against whom it is sought to be used (cf. United States v. Pisano, 191 F. Supp. 861 [1961]).
As to (2): The reply affidavit of defendants’ attorney disputes the District Attorney’s claim that there was not sufficient time to obtain a warrant before the first race. He alleges that the police know that policy plays are accepted up to the fourth race. Obviously, this is a question of fact as part of the issue of the practicability of obtaining a warrant which would require a hearing.
Defendants’ attorney also points out that the District Attorney’s “ outline ” of his position does not state what information was received. It should be noted that while a statement in such form may be sufficient at this time, it is assumed that the District Attorney intends to furnish the details at the hearing. Moreover, it would seem proper to hold that, if testimony of communications from a confidential informer is necessary to establish the legality of a search, defendant should be advised upon appropriate request of the identity of the informer to permit intelligent cross-examination and rebuttal and if disclosure of identity be refused, the testimony as to communications from the informer should be stricken (see Priestly v. Superior Court, 50 Cal. 2d 812). Otherwise there would be left open the doubt as to whether a “ phantom ” informer had been conjured up. The basic issue is the officer’s probable cause to arrest and search. Evidence as to the reliability of the informer and the extent of police verification of the information should, it seems, also be required. Where the search is made without a warrant, the burden is on the officer seeking an exemption from the ordinary requirement to show the need for such exceptional action (Johnson v. United States, 333 U. S. 10, 15; McDonald v. United States, 335 U. S. 451, 456; United States v. Jeffers, 342 U. S. 48, 52).
*499 As to (3): In the absence of a warrant, the only legal basis for a search and seizure is as an incident to a lawful arrest. The lawfulness of an arrest by a peace officer is determined by reference to the authorizing statutes of his jurisdiction.
A peace officer of this State may, without a warrant, arrest for any crime committed or attempted in his presence (Code Crim. Pro., § 177, subd. 1). In addition, he may, without a warrant, arrest for a felony not committed in his presence (§ 177, subds. 2, 3, 4). The pertinent subdivision 4 empowers á peace officer to arrest when he has reasonable cause for believing that a felony has been committed and that the person arrested has committed it. In this case, then, the officers could validly search for and seize policy papers as an incident, to defendants’ arrest provided it is established that, prior to the arrest, they had reasonable cause for believing that defendants had committed, or were engaged in committing, the more serious type of policy crime which the Penal Law classifies as a felony. The test is what the officers reasonably believed on the basis of knowledge and reliable information at the time they sought entrance to the apartment, for the arrest and search cannot be justified by what the search uncovered.
The question of the lawfulness of the arrest also involves the manner of its execution. A peace officer must give notification of his authority and the cause of the arrest, except when the person arrested is in the actual commission of a crime [in the presence of the officer] or is pursued immediately after an escape (Code Crim. Pro., § 180); and in making the arrest the officer may break open a door or window of a building only if, after notice of his authority and purpose, he is refused admittance (Code Crim. Pro., § 178).
Here admittance to the apartment to make the arrest and conduct the incidental search for policy papers was obtained by a ruse. A literal interpretation of the notification statute would invalidate not only such an arrest but many others conforming to accepted standards. However, a literal interpretation is not compelled in every case.
In Miller v. United States (357 U. S. 301) District of Columbia peace officers did not give notice of authority and purpose before breaking in to arrest petitioner (defendant) for violation of the narcotics laws and seize marked currency received by him from an informer on a sale of heroin. The District of Columbia “ breaking ” statute is similar to our section 178 as well as section 3109 of title 18 of the United States Code and the statutes of a large number of States. The court said (pp. 313-314): “ The requirement of prior notice of authority and purpose *500 before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application.* * * Because the petitioner did not receive that notice before the officers broke the door to invade his home, the arrest was unlawful, and the evidence seized should have been suppressed.”
But the court indicated that strict compliance with notification requirements could be excused under “ exigent circumstances.” While expressly pointing out that the question of 1 ‘ noncompliance in exigent circumstances ’ ’ had not been raised by the Government in that case, it observed (p. 309): ‘ ‘ There are some state decisions holding that justification for noncompliance exists in exigent circumstances, as, for example, when the officers may in good faith believe that they or someone within are in peril of bodily harm, Reed v. Case, 4 Conn. 166, or that the person to be arrested is fleeing or attempting to destroy evidence. People v. Maddox, 46 Cal. 2d 301, 294 P. 2d 6.”
In People v. Maddox (supra) the officers, after knocking on the door, heard a voice say, “ Wait a minute,” and then heard retreating footsteps. They kicked in the door, intercepted and arrested defendant and seized contraband. The question, as stated by the court, was whether evidence obtained by a search incident to an arrest must be excluded when officers have reasonable cause to make an arrest and search but fail to comply with statutory arrest requirements. California has statutes (Cal. Penal Code, §§ 841, 844) similar to our sections 178 and 180.
The court held that noncompliance with the “ notification ” statute was ‘ ‘ unrelated and collateral to the securing of the evidence objected to does not render that evidence inadmissible ” (p. 305). As to noncompliance with the “ breaking” statute, it held that that depended on the facts and circumstances known to the officer and leading to a good faith belief that prior demand for entrance and statement of purpose would permit destruction or secretion of evidence, frustrate the arrest or increase the officers’ peril. The court stated the applicable rule (pp. 306-307): “ Suspects have no constitutional right to destroy or dispose of evidence, and no basic constitutional guarantees are violated because an officer succeeds in getting to a place where he is entitled to be more quickly than he would, had he complied with section 844. * * * We conclude therefore that when there is reasonable cause to make an arrest and search and the facts known to him before his entry are not inconsistent with a good faith belief on the part of the officer that compliance with section 844 is excused, his failure to comply *501 with the formal requirements of that section does not justify the exclusion of the evidence he obtains.” It should be noted that certiorari was denied in this case by the Supreme Court (352 IT. S, 858).
Succeeding California cases have followed the rules laid down in Maddox. In People v. Lawrence (149 Cal. App. 2d 435) and People v. Scott (170 Cal. App. 2d 446) involving entrance by subterfuge into the homes of sellers of narcotics after surveillance and observed visits of an informer in one case and a well-known user in the other case, it was held that, since the officers had reasonable cause to arrest, the fact that admittance to make the arrest was gained by trickery was immaterial and unrelated to the securing of the contraband by a search incident to the arrest. To the same effect is Leahy v. United States (272 F. 2d 487) involving a California arrest, and holding that under California law misrepresentation of identity to gain admittance was not a violation of section 844 of the California Penal Code (nor, the court said, of section 3109 of title 18 of the United States Code) and was immaterial to the validity of the arrest, in that case made pursuant to a warrant of arrest. In People v. Moore (140 Cal. App. 2d 870) and People v. Miller (162 Cal. App. 2d 96) involving prosecutions respectively for book-making and narcotics, it was held that technical compliance with arrest execution statutes was not required if compliance under the existing circumstances would probably permit the destruction of the evidence. In People v. Hammond (54 Cal. 2d 846) the officers broke into defendant’s home, after arranged sales of heroin to an informer, without first demanding entrance and stating the purpose for which it was desired. The court said (p. 854): “At the time of their entry the officers had reasonable cause to believe that the defendant actually was engaged in the commission of a felony, i.e., the unlawful possession of narcotics; that he had a gun; and that he was under the influence of heroin. With this information at hand, in good faith they were entitled to conclude that if they informed the defendant of their presence and demanded admission before breaking into the premises, he might attempt to dispose of the narcotics then in his possession, or might attempt to obtain and use his gun. Under these circumstances, noncompliance with the requirements of section 844 does not compel the exclusion of evidence seized in the ensuing search.”
Since the California arrest statutes are similar to our own, its experience with the exclusionary rule, embodied in the articulate decisions of its courts, should be of aid to us in *502 formulating rules consonant with our needs and practices and consistent, of course, with the fundamental criteria established by the United States Supreme Court.
It is clear in this case that issues of fact requiring a hearing have been raised with respect to reasonable cause, impracticability of obtaining a warrant, right to arrest under the statute, and compliance with the notification and entry statutes. In accordance with the procedure suggested in People v. Gonzales (31 Misc 2d 486) and pursuant to the practice governing motions to suppress in this court adopted by its Judges pending the enactment of a controlling statute or rule and published in a court note in the New York Laxo Joxirnal for the guidance of attorneys, these motions are referred to the Trial Judge, the papers to be delivered by the Clerk promptly upon the noticing of this case for trial and its assignment to a Trial Judge.