Franklin R. MASIELLO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17359.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1963.

Decided Feb. 14, 1963.

Petition for Rehearing En Banc and
Petition for Rehearing before the
Division Denied April 30, 1963.

Mr. Ira M. Lowe, Washington, D. C.
(appointed by the District Court), for
appellant.

Mr. William C. Weitzel, Jr., Asst. U. S.
Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker,
Asst. U. S. Atty., were on the brief, for
appellee.

Before BAZELON, Chief Judge, and
BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

On an earlier appeal from conviction
we remanded for the limited purpose of
having the District Court re-examine a
motion to suppress evidence on the narrow issue whether the search warrant
was executed in compliance with 18
U.S.C. § 3109 and to make findings for
possible review if the motion was denied.
We expressly provided that any appeal
from denial of the reconsidered motion
to suppress "would be restricted to questions related to the determination which
we now require." [1]

1. Appellant was convicted on all counts of
a three count indictment for operation
of a lottery, possession of records, slips
and other writings used in the "numbers
racket," and maintenance of a gambling
premises. Masiello v. United States,

Upon remand the District Court held new hearings on the motion to suppress. Appellant tendered no new evidence but relied on the evidence previously adduced. The prosecution produced the police officers who participated in the execution of the warrant; they testified at length on the details of knocking, the announcement of authority and purpose, the forced entry into the apartment, the finding of numbers slips on "flash paper," which appellant had ignited on a bed, and other gambling papers on the floor. At the conclusion the District Court made findings (a) that one officer knocked at the door without any announcement; (b) that after a lapse of at least 10 seconds and at most 30 seconds according to the different witnesses, one officer again knocked, this time announcing they were police with a warrant to search for gambling violations; (c) that the officers waited an additional 10 to 20 seconds, then broke in.[2] From this the District Court concluded the action was not in violation of 18 U.S.C. § 3109 and denied the motion to suppress. The record made on remand shows that the officers heard no words spoken as claimed by appellant, i. e., "Just a minute," but the officer nearest the door heard a rustling or other commotion inside the room. The original record shows the officers were experienced in gambling cases, familiar with the use by gamblers of "flash paper" for numbers operations and its physical properties of instantaneous burning without leaving ash. On this record we hold that the findings of the District Court are supported by substantial evidence and must be affirmed.

The factual issues before the District Court on remand were in large part to be determined on credibility. The District Judge who saw and heard these witnesses has accepted the version of the events as described by the officers; his findings reject appellant's version of the events.[3]

Section 3109 provides that the officer may break in to execute a search warrant if, after notice of his authority and purpose, "he is refused admittance." Nowhere is there any definition of how long officers must wait after giving the statutory notice of authority and purpose.[4] The purpose of the statute, among other things, is to allow the occupant to open the door to admit officers who are legally authorized to enter so that they may execute their duties with the least possible inconvenience to the occupant. But the phrase "refused admittance" is not restricted to an affirmative refusal. Indeed it would be an unusual case coming before the courts where an occupant affirmatively "refused admittance" or otherwise made his refusal known verbally after being given notice pursuant to § 3109. Where, as here, after giving the required notice the officers hear sounds which indicate to them that the evidence sought by the warrant may be in process of destruction, execution of the warrant need not be deferred long enough to allow completion of the process.

In Miller v. United States, 357 U.S. 301 at 309, 78 S.Ct. 1190, at 1195, 2 L.Ed.2d 1332, the Supreme Court cited several state court opinions where it was held that justification for non-compliance with statutory provisions as to service of

113 U.S.App.D.C. 32, 304 F.2d 399 (1962).

2. The testimony in terms of seconds and the difficulty of estimating time takes on more concreteness if one actually uses a watch and "clocks" a knocking followed by a lapse of 10–25 seconds, and a second knocking followed by 10–25 seconds.

3. While the evidence was in conflict on the time element, it is very clear that the time lapse after appellant was aware of police presence and purpose was suffi-

cient for appellant to gather the incriminating evidence consisting of numerous separate items and ignite them. If adequate for that task it was adequate time to open the door.

4. Interestingly appellant's excellent brief makes the novel point that § 3109 provides a statutory command with which police cannot comply, because "ambiguity and vagueness taint [the] statute," and because it fails to define what is refusal of admittance.

warrant exists if exigent circumstances are present

"when the officers may in good faith believe that they or someone within are in peril of bodily harm, Read v. Case, 4 Conn. 166, or that the person to be arrested is fleeing or *attempting to destroy evidence.* People v. Maddox, 46 Cal.2d 301, 294 P.2d 6." (Emphasis added.)

Here the officers were aware that a judicial officer had made a determination, even though tentative and preliminary, that there were reasonable grounds to believe that illegal "numbers racket" activity was being carried on. The sounds heard by one officer coming from within the room coupled with the absence of any response tended to confirm what the magistrate had found. Officers of experience with the numbers racket were therefore plainly warranted in believing that the "commotion" which was heard through the door, accompanied by no response following two knocks and one announcement of authority and purpose, meant that the occupants were very likely engaged in what might be called "standard emergency procedure" of destroying the evidence.

It would be a grave error to construe what we have said to mean that we are disposed to sustain all speedy entries and searches which are forcibly executed. Quite the contrary. We do so here only on the narrow grounds revealed by this record. Our concern with the importance of compliance with § 3109 is demonstrated by our earlier remand [5] for the hearing now under review; close cases such as this will always receive careful appellate scrutiny. It is very desirable as an aid to appellate review that the facts concerning the required preliminary steps to entry should be developed and the factors relied on by the prosecution should appear in the record and be the subject of findings. The ruling on a motion to suppress while not an appealable order should be accompanied by findings in aid of review, particularly in a close case where an appellate court is likely to be called upon to reach that point on appeal.

The judgment of the District Court is Affirmed.