[Crim. No. 1744.  Fourth Dist.  June 24, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. SPENCER ALEXANDER LYON, Defendant and Appellant.

George H. Chula for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Appellant and his codefendant were each charged with and convicted by the court sitting without a jury of the crime of possession of marijuana, in violation of Health and Safety Code, section 11530.  Appellant admitted a similar prior offense in 1954.  Defendant Lyon was committed to state prison and he appealed.  The only question raised on this appeal is the claim of unreasonable search and seizure, and that the evidence was received in violation of the exclusionary rule.  (Citing *Mapp* v. *Ohio*, 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081]; and *Britt* v. *Superior Court*, 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817].)

*Facts*

The People's evidence shows that about two weeks prior to the arrest of appellant, the landlord of a multiple dwelling located in an unincorporated area in Orange County became suspicious of his tenants located in a rear dwelling because of nighttime automobile activities leading down a driveway to the dwelling. People became intoxicated or were under the influence of something. (Narcotics was indicated.) He called the sheriff's office. A trained investigator in narcotics responded and the landlord told him of his observations. Some observations were made by the officers at the time and during the next two weeks. Telephone calls to the landlord by the officers as to conditions continued. License numbers of cars coming to the house and staying but a short time were taken and checked with the Department of Motor Vehicles.

On the night of the arrest, about 11 p.m., two officers were driving near the premises. They noticed an Oldsmobile backing out of the premises, followed it and at a red signal one of the passengers noticed the officers behind them. The Oldsmobile turned around at the corner and the officers continued on and then later turned back. The officers observed the Oldsmobile and two passengers going back to the apartment premises. The officers parked their vehicle, walked to the apartment in the rear of the property and stood at a bathroom window. They looked in and also listened and then went to the front window. They alternated between the two windows for some period of time. One officer testified that he overheard several statements by an occupant while he stood outside the window, and that a man said: "Man, I had to scarf eight joints." The officer testified that this terminology by the narcotics user means to eat or swallow, and that the word "joint" means marijuana cigarette; that one voice said, "They don't taste good that way"; that at a different window he heard a male voice say, "I count 37" and another said, "I count 47. That is 10 more." Later, a voice said, "Man, there is weed all over the place." According to the officer, the word "weed" means marijuana. He then testified that one said, "Don't you think you have rolled enough for tonight?" The officer also testified that at that time he smelled an aroma coming from the apartment and he was familiar with the odor and it appeared to be that of burning marijuana; that the officers endeavored to open the screen door but the lights went out in the house and later came on; that they knew that

narcotics were most commonly disposed of by swallowing or by flushing down a toilet and that they must gain entrance as quickly as possible; that they forced the screen door and the door open and the two defendants were there, one hiding behind the door; that the officers announced that they were such officers; that appellant Lyon was lying on a couch and was observed pushing a box underneath the couch; that in the box were found 28 marijuana cigarettes and a metal-stemmed pipe containing marijuana ashes, and partially-smoked marijuana cigarettes were found in the ashtray as well as a sack containing marijuana.

Defendants were placed under arrest. A blue jacket, which Lyon said was his, was found on a chair, and in one of the pockets was an envelope containing several handrolled marijuana cigarettes. Fragments of marijuana were found in the Oldsmobile car and other fragments were found in the clothing of the defendants.

Appellant Lyon, in defense, admitted driving the Oldsmobile car, but denied ownership of the blue jacket and ownership of the marijuana found in the apartment. He denied saying any of the words indicated by the officers while they were listening at the window.

■ The claim is that the officers committed a trespass in looking and listening through the windows of the apartment and that such trespass could not be authorized by the landlord. Under the exclusionary rules as adopted in California, there was a sufficient showing to support the finding of the trial court that there was probable cause authorizing the search and seizure. (*People* v. *Boyles,* 45 Cal.2d 652, 654 [290 P.2d 535]; *People* v. *Rucker,* 197 Cal.App.2d 18, 22 [17 Cal.Rptr. 98]; *People* v. *Dillard,* 168 Cal.App.2d 158, 164 [335 P.2d 702]; *People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Moore,* 140 Cal.App.2d 870, 873 [295 P.2d 969]; *People* v. *Bodkin,* 196 Cal.App.2d 412, 425 [16 Cal.Rptr. 506]; *People* v. *Graff,* 144 Cal.App.2d 199, 203 [300 P.2d 837]; *People* v. *Bock Leung Chew,* 142 Cal.App.2d 400, 402-403 [298 P.2d 118]; *Cooley* v. *State Board of Funeral Directors,* 141 Cal.App.2d 293 [296 P.2d 588]; *People* v. *Anderson,* 145 Cal.App.2d 201 [302 P.2d 358].)

It is argued that under the Fourth Amendment of the Constitution of the United States and the decision of *Mapp* v. *Ohio, supra,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081], the court should exclude the narcotics seized by the officers and accordingly this state is bound by that decision and that such

evidence is inadmissible in state courts. See Witkin, California Evidence, 1961 Supplement, section 18A, page 9.

The facts here presented do not appear to be similar to those in the *Mapp* case. *Ker* v. *California,* 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726] October Term, 1962, No. 53 (see *People* v. *Ker,* 195 Cal.App.2d 246 [15 Cal.Rptr. 767]) has just been decided by the United States Supreme Court. The question there presented did involve the applicability of the *Mapp* decision.

In the *Ker* decision, the factual background is quite similar in principle to the facts in the instant case. The United States Supreme Court laid considerable stress upon the fact that the trial court as well as the District Court of Appeal in that case had found that there was probable cause for the arrest; that the entry into the apartment was for the purpose of arrest and was not unlawful; that the search incident to the arrest was likewise lawful and its fruits admissible in evidence against the defendant; that police experience indicates that in narcotic arrests persons have flushed narcotics down toilets prior to the entrance of officers, and this fact should be considered in making a sudden or quiet entrance into the room. (Citing *People* v. *Maddox,* 46 Cal.2d 301 [294 P.2d 6].) The same is true in the instant case. In connection with the *Mapp* case, it was said that it established no assumption by the United States Supreme Court of supervisory authority over state courts and consequently it implied no total obliteration of state laws relating to arrests and searches in favor of federal law; the *Mapp* case sounded no death knell for our federalism; and that the *Mapp* case did not attempt the impossible task of laying down a:

". . . 'fixed formula' for the application in specific cases of the constitutional prohibition against unreasonable searches and seizures; it recognized that we would be 'met with "recurring questions of the reasonableness of searches"' and that, 'at any rate, "[r]easonableness is in the first instance for the [trial court] . . . to determine. . . ."'"

Under the rules of exclusion, both federal and State of California, the judgment must be affirmed.

Judgment affirmed.

Coughlin, J., concurred.