THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HIPÓLITO LUGO FIGUEROA, Defendant and Appellant.

No. CR-65-314.     Decided May 25, 1966.

*Santos P. Amadeo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant Hipólito Lugo Figueroa alleges that the trial court erred in admitting in evidence two glass containers: one containing four ounces of clandestine rum and another containing nine ounces of rum with water which were seized by the internal-revenue agents in the search of appellant's domicile under search warrant issued by the justice of the peace of Dorado. On April 23, 1962 he was convicted by a court without a jury in the Superior Court, Bayamón Part, of violation of §§ 21 and 77 of the Beverages Act (13 L.P.R.A. §§ 1574 and 1754), consisting in having in his residence and at his disposal the container with four ounces of clandestine rum without having affixed thereto the stamps evidencing the payment of internal-revenue taxes imposed by law. He was ordered to serve two months in jail.

In support of the above-said assignment of error appellant argues that the search in question was unreasonable because the agents who performed it failed to serve appellant notice of their authority and purpose for the search of his domicile, as required by § 509 of the Code of Criminal Procedure (34 L.P.R.A. § 1819) ;[1] that said notice must be given to an adult person and not to a minor; that only when there exist the special circumstances specified in *Ker* v. *California,* 374 U.S. 23 (1963), it is admitted that it is not necessary to comply with the requirement of notice.

---

[1] Section 509 of the Code of Criminal Procedure provides that:

"The officer, internal-revenue agent, or income-tax inspector, within the functions of his office, may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute the warrant, if after notice of his authority and purpose, he is refused admittance."

For the purpose of determining this case it is necessary to summarize the oral evidence presented before the trial judge. It is contradictory. The internal-revenue agent, Vázquez Trinidad, testified that on November 10, 1961 he was one of the members of a patrol which under search warrant issued by the justice of the peace of Dorado undertook the search of appellant's residence; that in the water closet he found and seized two glass containers, one containing four ounces of clandestine rum and the other containing nine ounces of rum with water, without having affixed thereto the internal-revenue stamps; that on entering the house there were several persons and they were roasting a pig; that when they entered appellant "Was outside"; that the search warrant was delivered to appellant's daughter; that appellant was arrested immediately and was taken before the presence of said justice of the peace; that the agent in charge of the patrol delivered the warrant of arrest to appellant. Appellant testified that his daughters were not at home when the agents in question entered. One of them was 14 years old and the other one six; that he saw the agents with the two containers in their hands; that he did not have them in the house; that he never saw the search warrant; that he was not engaged in the business of selling beverages; that on that occasion he was roasting a pig outside the house from where he saw the agents, and on entering the agents told him; "here we seized this, let us go to the police headquarters," and they took him to police headquarters and "We went there and the judge fixed bail."

Appellant is not right. In the first place, *Ker, supra,* does not sustain what appellant maintains since in that case the search of an apartment was sustained where the police officers, without a search warrant and using a passkey, entered to arrest petitioners, since there was probable cause for their arrest. The search was incident to the arrest. In the

second place, the special circumstances referred to were pointed out in *People* v. *Maddox*, 294 P.2d 6, 9 (Cal. 1956), by way of exceptions existing as Common Law rules, to the demand and explanation requirement of § 844 of the Penal Code of California which provides that: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace-officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired." In *Maddox*, *supra*, there was reasonable cause to believe that a felony was being committed in a house. Retreating footsteps were heard which justified believing that the felon could escape. It was decided that in the presence of such circumstances, kicking the house door open and rushing to the kitchen where defendant was, and where the evidence contested was found, did not justify the refusal of its admission for having failed to comply with the demand for admittance and explanation requirement provided by § 844 of the Penal Code of California. *United States* v. *Tracy*, 350 F.2d 658 (3d Cir. 1965) ; *Masiello* v. *United States*, 317 F.2d 121 (D.C. Cir. 1963).

Under the circumstances of the case at bar, the notice of search warrant requirements were substantially complied with (34 L.P.R.A. §§ 1819, 1820, and 1823; and Rules 231, 232, 233 of Criminal Procedure). There was no opposition to the admittance of the agents to appellant's house. There was proof that the search warrant was delivered to appellant. The record shows that from the events which occurred subsequent to the search, appellant necessarily had knowledge of the purpose of the search. *People* v. *Colón*, 86 P.R.R. 623, 624–5 (1962) ; *People* v. *Sierra*, 78 P.R.R. 79, 80–81 (1955) ; *People* v. *Albizu*, 77 P.R.R. 851 (1955) ; *United States* v. *Williams*, 351 F.2d 475 (6th Cir. 1965).

In view of the foregoing, the judgment rendered in this case on April 28, 1962 by the Superior Court, Bayamón Part, will be affirmed.

Mr. Chief Justice Negrón Fernández, Mr. Justice Santana Becerra, and Mr. Justice Dávila did not participate.