[Crim. No. 15279.   Second Dist., Div. One.   Feb. 18, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD EDWARD ROBINSON, Defendant and Appellant.

Donald Edward Robinson, in pro. per., and R. Dennis French, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

THOMPSON, J.—Appellant was convicted of violation of Health and Safety Code section 11530, possession of marijuana. On this appeal, he raises the issue of whether the evidence upon which that conviction was based was legally obtained.[1]

On June 11, 1967, Manuel Mendez and his family were driving on California Avenue in the City of Long Beach. He heard shots and a slapping noise. Upon turning his head, he saw blood streaming from the face of his two-year-old daughter who was riding in the back seat. Mr. Mendez drove his daughter to the hospital, immediately returned to the scene, and called the police.

---

[1] In a pro. per. brief, appellant also raises the issue that there was no evidence before the trial court that the federal tax on the marijuana was not paid. Nonpayment of the federal tax is not an element of the crime described in Health and Safety Code section 11500.

The officers arrived approximately 25 minutes after the shooting. They learned from Mr. Mendez that shots, one of which had struck his daughter, had been fired, and from Edward Campbell, a disinterested witness, that two separate volleys had been fired which might have emanated from a two-story building in the 1200 block of Lewis Avenue in the immediate vicinity of the injury to the Mendez child. Other persons who refused to identify themselves confirmed the information.

The officers went to the building, an apartment house, and at its rear saw a refrigerator that bore what appeared to them to be the marks of a ricocheted bullet. From the markings they concluded that the shots had come from apartment number 1 of the building. The officers entered the corridor of the building and approached apartment number 1. The door of the apartment was ajar about 4 inches, and through it the officers saw four empty cartridge cases lying on the floor about 3 feet inside the door. The officers, without identifying themselves or seeking permission to do so, entered the apartment with drawn guns.

There they saw the appellant lying face down on a bed with his arms beneath him. One of the officers saw the marijuana, which is the contraband upon which appellant's conviction is based, on a chair a few feet from the bed. The officers arrested appellant and searched the apartment discovering a number of empty cartridge cases and the weapon later established as that which fired the bullet removed from the face of the Mendez child.[2]

Appellant contends before us that the marijuana found by the officers was obtained as a result of an illegal search. He bases his argument upon two grounds: (1) a claimed absence of probable cause sufficient to permit the officers to enter the apartment, and (2) a failure of compliance by the officers with the provisions of Penal Code section 844.

We conclude that appellant's argument is without merit on both grounds. Both appellant and respondent have approached the problem with the familiar cases and reasoning applicable to probable cause to arrest and searches incident to apprehension. That issue is not reached in the case before us.

Entry of premises by officers neither pursuant to a search warrant nor incident to a lawful arrest is proper if

---

[2]Appellant was acquitted of count I of the Information which charged assault with a deadly weapon.

exceptional circumstances are present. (*People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721], moaning sound emanating from apartment; *People* v. *Gilbert,* 63 Cal.2d 690 [47 Cal.Rptr. 909, 408 P.2d 365], fresh pursuit; *People* v. *Bauer,* 241 Cal.App.2d 632 [50 Cal.Rptr. 687], report that murder had occurred on premises.) ▮ Here the officers were aware that within the past 25 minutes, two separate volleys of shots had been fired in the immediate vicinity and that an infant had been injured by one of those shots. Without entering the apartment, they saw evidence in the form of cartridge cases which gave the strongest reason to believe that the shots had emanated from it. They were, as officers, fully entitled in the discharge of their duty to enter the apartment in order to determine what was necessary to prevent still a third volley from endangering all persons in the neighborhood. Once within the premises, they were not required to blind themselves to evidence of a crime other than the shooting. (*People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721].)

▮ Consideration of the same facts leads to the conclusion that there was probable cause to arrest appellant and that the entry of the apartment and observation of the contraband were incident to that arrest. Appellant's argument that such cause was lacking proceeds upon the basis that the officers ascertained the probable source of the shots from "informants" not established as reliable. That argument must fail. Mr. Mendez, the father of a victim of a shooting, and Mr. Campbell, a witness, were not informants but concerned citizens, and information emanating from them could be a sufficient basis for probable cause without corroboration. (*Nugent* v. *Superior Court,* 254 Cal.App.2d 420 [62 Cal.Rptr. 217].) Further, the witness information obtained by the police was in fact confirmed by their own observations of ricochet marks upon the refrigerator and spent cartridges in the room— observations of matter in public view. (*People* v. *Landry,* 230 Cal.App.2d 775 [41 Cal.Rptr. 202]; *People* v. *White,* 180 Cal. App.2d 99 [4 Cal.Rptr. 261].)

▮ In the case before us, the officers neither demanded admittance nor explained their purpose before pushing open the door and entering apartment number 1. They thus did not comply with Penal Code section 844. But compliance with that section is not required if it would increase the officers' peril. (*People* v. *Maddox,* 46 Cal.2d 301 [294 P.2d 6] cert. denied, 352 U.S. 858 [1 L.Ed.2d 65, 77 S.Ct. 81].)

Here the information available to the officers established

that someone in the apartment had been spraying the neighborhood with bullets within the past half hour. An announcement of their purpose to enter and a demand for entry could have been the equivalent of an invitation to be shot. Reasonable conduct on the part of a police officer does not require that he extend such an invitation.

The judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.

A petition for a rehearing was denied March 10, 1969, and appellant's petition for a hearing by the Supreme Court was denied April 17, 1969.