## Commonwealth v. Foose

*Harold N. Fitzkee, Jr.*, District Attorney, and *Gary M. Gilbert*, Assistant District Attorney, for Commonwealth.

*David W. Bupp, Victor Dell'Alba, Hugh S. Rebert* and *P. Nelson Alexander*, for defendants.

ATKINS, P. J., May 17, 1972.—Counsel for the various defendants in these cases filed a motion to

suppress the evidence obtained as a result of a search conducted by the police officers in the premises occupied by defendant, Clarence N. Foose.

Primarily, two points are raised in the motion; the first being that the affidavit or complaint filed for the purpose of obtaining the search warrant does not set forth sufficient facts to constitute probable cause so as to justify the issuance of the warrant. Secondly, it is contended that the warrant was improperly executed and that the improper execution vitiates the validity of the search.

An examination of the complaint discloses that it is composed of two parts. One part sets forth certain allegations of fact, allegedly given to the police who applied for the warrant, by a so-called confidential informant. It also includes certain facts alleged to have been disclosed by a friend of the confidential informant, and certain facts given by a person described as a professional person of good reputation.

It appears that the officer executing the affidavit never did have any personal contact with the friend of the so-called confidential informant. The affidavit does not set forth any facts from which the magistrate could have concluded that the confidential informant himself, or herself as the case may be, was worthy of belief. The fact that the third individual referred to as a professional person of integrity does not in our judgment satisfy the requirement that there be facts set forth supporting the confidence placed in the informant by the affiant. We, therefore, conclude that this portion of the complaint must be ignored as none of the information given by any one of these three individuals either singularly or collectively can support the issuance of a search warrant.

The other portion of the complaint constitutes a recital of evidence observed by a member of the Pennsyl-

vania State Police as relayed to the affiant by the policeman who personally observed the events. The events observed by this officer constituted the seeing of people entering and leaving the apartment of Foose, and of observing people who came out of the Foose apartment entering an automobile, immediately thereafter and as soon as they had entered the automobile, injecting themselves with a hypodermic needle. We believe that these facts that were observed on several different occasions do constitute facts that are probable cause for the issuance of a search warrant to search the Foose apartment for contraband drugs.

The execution of the search warrant is alleged to be deficient in two respects. First, that there was an undue delay in its issuance and execution. This was a delay of only several hours, and it is our opinion that it was not an undue delay and that the search cannot be invalidated because of that.

The remaining ground of attack is that the police failed to allow a sufficient time for admittance to be allowed into the apartment by the occupants before they broke in through the door. Very briefly, the testimony is that the officers went into the hallway of the apartment building; they did rap on the door, and when asked who was there, they responded, "John." This occurred twice with no response from the interior other than the inquiry as to who was there. The police then announced their presence saying, "State Police, search warrant," and after about 15 seconds they broke open the door. It was testified that the door was broken open because as soon as the announcement was made that they were State Police with a search warrant, they heard scurrying around in the apartment in a disorganized manner. This occurrence indicated to the police that an attempt might be afoot to dispose of the evidence.

We think the case is similar to Commonwealth v. Dial, 445 Pa. 251. In that case, the Supreme Court said the following at page 254:

"In the instant case, the police testified that they announced their presence, announced that they had a warrant, and requested that someone 'please, open-up' the door. Thus, unlike the situation in Newman, the police did announce their identity, authority and purpose. Then, according to police testimony, they heard the sound of running from inside the apartment. This factor, the sound of running, distinguishes this case from Commonwealth v. DeMichel, 442 Pa. 553, 277 A. 2d 159 (1971), where we held that a 5 to 15 second delay, alone, cannot constitute support for a belief that evidence was being destroyed. We agree with the opinion of the Superior Court that When they heard sounds of running and the door was not opened, they were warranted in thinking that they were refused admittance and that an effort was underway to destroy evidence. They did not need to wait until the evidence was destroyed' ": McClure v. United States, 332 F. 2d 19 (9th Cir. 1964); cert. denied, 380 U.S. 945 (1965); Masiello v. United States, 317 F. 2d 121 (D.C. Cir. 1963); Commonwealth v. Dial, 218 Pa. Superior Ct. 248, 276 A. 2d 314 (1971).

While we agree that, in the absence of any other fact, a mere delay of 15 seconds is not sufficient to support the breaking open of a door in order to serve a search warrant after an announcement is made of the identity and purpose of the officers, but the facts in this case are clearly parallel in the case with those of Dial, and the scurrying around that was heard by the officers coming from inside the apartment was similar to the conduct in Dial.

Accordingly, we enter this

## ORDER

And now, to wit, this May 17, 1972, it is ordered, adjudged, and decreed, that the motion to suppress the evidence obtained in the search in the above case be and is hereby dismissed.