995 F.2d 306
 301 U.S.App.D.C. 406
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Sonia E. MAYFIELD, Appellant.
 No. 91-3316.
 United States Court of Appeals, District of Columbia Circuit.
 May 27, 1993.
 
 Before: MIKVA, Chief Judge, EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED by this Court that the judgment of the district court is affirmed.
 
 
 3
 We reject Ms. Mayfield's claim that police officers violated the federal "knock and announce" statute, 18 U.S.C. § 1309, when they executed a search warrant at her apartment. One of the officers executing the search testified that the officers could hear a lot of movement inside the apartment after the knock and announce. She also stated that based on her prior experience, she believed that the sounds indicated an attempt to destroy evidence. Police officers do not violate the knock and announce statute where they enter the premises based on a reasonable suspicion that evidence is being destroyed, based in part on sounds from inside the premises to be searched. See United States v. James, 764 F.2d 885, 888 (D.C.Cir.1985); United States v. Smith, 524 F.2d 1287 (D.C.Cir.1975); Masiello v. United States, 317 F.2d 121, 123 (D.C.Cir.1963).
 
 
 4
 We also reject Ms. Mayfield's claim that the evidence was insufficient to support a verdict that she used a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The jury could have reasonably inferred possession of the gun from the fact that it was stuffed between the sofa cushions in Ms. Mayfield's apartment. See United States v. Long, 905 F.2d 1572, 1578-79 (D.C.Cir.1990); United States v. Anderson, 881 F.2d 1128, 1141 (D.C.Cir.1989). Furthermore, the jury could have inferred "use in relation" from the fact that the gun was easily accessible, that it was located in close proximity to the seized drugs, that the apartment was a drug distribution center, and that an expert testified on the connection between guns and drug distribution operations. See United States v. Morris, 977 F.2d 617, 621-22 (D.C.Cir.1992); United States v. Anderson, 881 F.2d 1128 (D.C.Cir.1989).
 
 
 5
 Finally, we reject Ms. Mayfield's claim that the evidence was insufficient to support her conviction for maintaining premises for the purpose of distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1). Ms. Mayfield incorrectly asserts that the government was required to prove that she was an owner, lessee, or agent of the property. Ms. Mayfield was charged under both 21 U.S.C. § 856(a)(1) and § 856(a)(2), and only the latter subsection requires such proof. The jury instructions unquestionably set out the elements of a subsection (a)(1) violation, and the evidence was sufficient to support the jury's guilty verdict.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven (7) days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.